**JURY DEMAND**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| LISA VASQUEZ, On Behalf of Herself and on Behalf of Her Infant DAUGHTER, J.V. | Civil Action No. 1:22-CV-3360 ( ) |
| Plaintiffs, | **COMPLAINT** |
| -against- | |
| NEW YORK CITY DEPARTMENT OF EDUCATION | |
| Defendant. | |

------------------------------------------------------------------x

Plaintiff LISA VASQUEZ, on behalf of herself and on behalf of her infant DAUGHTER, J.V., by and through their undersigned attorneys, respectfully submit this as and for their Complaint against the New York City Department of Education and state as follows:

1. Plaintiff Lisa Vasquez is a resident of Staten Island in the City and State of New York. She is the mother and Legal Guardian of Plaintiff J.V.

2. Defendant New York City Department of Education ("DOE") is the local education agency responsible for providing a free appropriate public education ("FAPE") to all New York City resident students classified as students with disabilities between the ages of 3 and 21 in need of special education and related services pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA") and equitable services under Article 89 of the New York Education Law ("Article 8").

3. The New York City Law Department, with an address of 100 Church Street New York, NY 10007, is designated to receive service of process for Defendant DOE.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

**BACKGROUND**

6. In 2015, Ms. Vasquez moved her two children, J.V. and J.V. 2, from Harlem in Manhattan to Staten Island. The family moved into public housing operated by the New York City Housing Authority ("NYCHA").

7. In the fall of 2017, the DOE gave J.V. an Individualized Education Program ("IEP"), dated November 13, 2017, and classified her as a student with a disability having a speech and language impairment. The DOE, among other things, deferred the child's case to the Community Based Support Team ("CBST") for a placement in a Non-Public School ("NPS").

8. J.V., however, was not offered an NPS placement. On May 24, 2018, Ms. Vasquez filed an Impartial Hearing Request alleging that the Department of Education failed to provide the child with a FAPE for the 2016-2017 and 2017-2018 school-years ("Case #173490").

9. After several hearings, Impartial Hearing Officer ("IHO") John Farago, Esq. IHO Farago issued an Interim Order on August 30, 2018, and a Findings of Fact and Decision dated October 16, 2018 ("Orders #173490"). The relief provided to Plaintiffs in those orders included: (a) Speech and Language services five hours weekly, 1:1; (b) Physical Therapy 3 hours weekly, 1:1; (c) Occupational Therapy 3 hours weekly, 1:1; (d) requiring the DOE to issue a Nickerson/P-1 form to permit Ms. Vasquez to pursue placement in a State-approved non-public school; (e) changing the recommendation of special education teacher support services (SETSS) mandated on the IEP to state, for the purpose of delivery, Applied behavior analysis (ABA) services to be

delivered by a BCBA or LBA and making the frequency of such services 40 hours per week of expert ABA services provided by a BCBA or LBA so long as the DOE fails to provide a NPS placement and reduced to 10 hours per week of home-based ABA if an appropriate NPS is provided; and (f) making the student's program a 52 week program.

10. The parent appealed Orders #173490 because IHO Farago declined to award compensatory relief. Upon remand IHO Farago issued a second pendency order that awarded the services numerated in paragraph 8 above retroactive to the original filing date of Case #173490 (the "Second Pendency Order") until the case concluded, which it did on August 27, 2020.

11. J.V. had no placement at all until May 2019, at which time Vasquez identified the Reece school as an NPS as she was desperate and had no other option. The placement, however, was harmful and damaging to J.V., who was attacked by other students daily verbally, physically and sexually. Ms. Vasquez's requests to the Reese school for help went unheeded.

12. Instead, when Ms. Vasquez begged the Reece personal to intervene, Reece kicked J.V. out of school in March 2020.

13. On April 1, 2020, Ms. Vasquez filed a second Impartial Hearing Request, requesting, among other things, compensatory services for the number of hours of services that J.V. should have received during 2019-2020 school year that year pursuant to the Second Pendency Order, but the DOE failed to deliver ("Case #193432").

14. J.V. had no placement from March 2020 through August 2020. Additionally, even during her time at Reece, J.V. received only a fraction of the services she was entitled to under the Second Pendency Order.

15. In a Decision and Order dated September 13, 2020, Impartial Hearing Officer Rona Feinberg found that (a) the DOE remained obligated to provide Ms. Vasquez with a Nickerson/P-

1 form; (b) the DOE was required to provide J.V. for the entire 2019-2020 school year all services required to be delivered under the Second Pendency Order; and (c) J.V. was entitled to compensatory services for any such services that had not been delivered to J.V. in the 2019-2020 school year.

16. In August 2020, J.V. began attending Leap/Dyslexia Associates for only 4 hours per week and not receiving the full amount of services to which she was entitled to receive from the DOE. Ms. Vasquez placed J.V. in that program due to having no other choice, as the DOE continued to refuse to comply with, and deliver, all the services J.V. is entitled to receive under the previous orders referenced above.

17. For the 2020-2021 school year and 2021-2022 school year, J.V. also attended and currently attends LEAP/Dyslexia Associates with a fraction of the services she is entitled to receive under the previous orders referenced above.

18. In all, the DOE has failed to deliver hundreds of hours of various special education and related services that it was ordered to provide to J.V. after two separate impartial hearings over the course of three school years, the 2019-2020, 2020-2021 and 2021-2022 school years.

19. Recent testing and evaluations show J.V. is many years behind her peers as a direct result of all of these years of egregious, willful, intentional violation of J.V.'s rights and she has been permanently damaged as result.

20. Even worse, upon information and belief, the DOE retaliated against Ms. Vasquez for her efforts to get the DOE to fulfill its federal and state law obligations by making false allegations of "educational neglect" and other claims against her from March 2020 to June 2021.

21. Upon information and belief, the retaliation by Defendant was triggered when an unknown member of the Reece informed Defendant in or around March 2020 that J.V. would no longer be attending the school.

22. Upon information and belief, an unknown employee of Defendant then used this difficult time to file a false complaint with the New York City Administration for Children's Services ("ACS") against Ms. Vasquez.

23. Specifically, Defendant, through its employee, was the source of false information related to ACS regarding Ms. Vasquez that led to a lengthy investigation, and specifically the false claim that Ms. Vasquez engaged in education neglect by refusing to send J.V. to school and committed other acts that required ACS intervention.

24. Upon information and belief, Defendant took these steps to retaliate against Ms. Vasquez for pursuing her legal rights to secure a free and appropriate public education for J.V. and in order to continue its long pattern of denying J.V., as a student with a disability, access to a free and appropriate public education.

25. Upon information and belief, Defendant, knowing that it would once again fail to provide schooling and services for J.V., and knowing that Ms. Vasquez would do anything she could to assert J.V.'s rights to receive a FAPE, sought to ensure they would not have to fulfil their obligations to Ms. Vasquez and J.V. Defendant did so by initiating and fueling this false campaign against Ms. Vasquez and attempting to have ACS remove her children from her home.

26. Upon information and belief, Defendant did so to retaliate against Ms. Vazquez for having continuously pursued J.V.'s right to FAPE over the years and also to ensure that Ms. Vasquez would no longer be able to do so by having ACS remove J.V. from Ms. Vasquez's custody.

27. Finally, in June 2021, ACS closed their investigation against Ms. Vasquez when it was determined that the allegations against Ms. Vasquez had no basis. The investigation took an emotional and financial toll on Ms. Vasquez and her children.

28. As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages: (a) severe emotional distress; (b) loss of educational opportunity; (c) medical expenses and (d) attorney's fees and costs.

### FIRST CAUSE OF ACTION – DEPREVATION OF J.V.'S RIGHTS
### (42 USC § 1983)

29. Plaintiffs reallege the allegations contained in paragraphs 1-28 as if fully stated herein.

30. The DOE, acting under the color of state and federal law, deprived J.V. of special education and related services to which she was entitled for the 2019-2020 school year.

31. The DOE, acting under the color of state and federal law, deprived J.V. of special education and related services to which she was entitled for the 2020-2021 school year.

32. The DOE, acting under the color of state and federal law, deprived J.V. of special education and related services to which she was entitled for the 2021-2022 school year.

33. J.V. was entitled to these services for each of the aforementioned school years under federal and state law, including under the Individuals with Disabilities Education Act, 20 U.S.C. 1400 et seq. and N.Y. Education Law Article 89.

34. J.V. has been damaged by the repeated denial of these services.

35. Even if Ms. Vasquez could pursue any of these aforementioned claims in an impartial hearing process, it would be futile to do so. This avenue has been attempted many times over many years and has resulted in multiple orders that Defendant has refused to follow.

Defendant even went so far as to retaliate against Ms. Vasquez for her continued efforts to obtain relief for J.V.

36. Moreover, J.V. has been damaged in ways that an impartial hearing would not be able to afford appropriate relief.

37. As a direct and proximate result of the acts of Defendant, J.V. suffered the following injuries and damages: (a) severe emotional distress; (b) loss of educational opportunity; (c) medical expenses and (d) attorney's fees and costs.

### SECOND CAUSE OF ACTION – DISCRIMINATION AGAINST J.V.
### (29 USC § 794)

38. Plaintiffs reallege the allegations contained in paragraphs 1-37 as if fully stated herein.

39. JV has multiple learning disabilities and is a qualified individual under Section 504 of the Rehabilitation Act of 1973, 29 USC § 794.

40. Defendant has excluded J.V. from participation in, and has denied J.V. the benefits of, services, programs, and activities that Defendant is required to provide J.V. as part of an appropriate and free public education and services program for the 2019-2020 school year.

41. Defendant excluded J.V. from participating in, and denied J.V. the benefits of such services, program and activities during the 2019-2020 school year because of J.V.'s disabilities.

42. Defendant has excluded J.V. from participation in, and has denied J.V. the benefits of, services, programs, and activities that Defendant is required to provide J.V. as part of an appropriate and free public education and services program for the 2020-2021 school year.

43. Defendant excluded J.V. from participating in, and denied J.V. the benefits of such services, program and activities during the 2020-2021 school year because of J.V.'s disabilities.

44. Defendant has excluded J.V. from participation in, and has denied J.V. the benefits of, services, programs, and activities that Defendant is required to provide J.V. as part of an appropriate and free public education and services program for the 2021-2022 school year.

45. Defendant excluded J.V. from participating in, and denied J.V. the benefits of such services, program and activities during the 2021-2022 school year because of J.V.'s disabilities.

46. As a direct and proximate result of the acts of Defendant, J.V. suffered the following injuries and damages: (a) severe emotional distress; (b) loss of educational opportunity; (c) medical expenses and (d) attorney's fees and costs.

### THIRD CAUSE OF ACTION – DEPREVATION OF LISA VASQUEZ'S RIGHTS (42 USC § 1983)

47. Plaintiffs reallege the allegations contained in paragraphs 1-46 as if fully stated herein.

48. Defendant, acting under the color of state and federal law, deprived Lisa Vasquez of her right to stop Defendant from violating Section 504 of the Rehabilitation Act of 1973, 29 USC § 794, through Defendant's discrimination against Ms. Vasquez's daughter J.V. by excluding J.V. from, and depriving her of, special education and related services for the 2019-2020 school year.

49. Defendant, acting under the color of state and federal law, deprived Lisa Vasquez of her right to stop Defendant from violating Section 504 of the Rehabilitation Act of 1973, 29 USC § 794, through Defendant's discrimination against Ms. Vasquez's daughter J.V. by excluding J.V. from, and depriving her of, special education and related services for the 2020-2021 school year.

50. Defendant, acting under the color of state and federal law, deprived Lisa Vasquez of her right to stop Defendant from violating Section 504 of the Rehabilitation Act of 1973, 29

USC § 794, through Defendant's discrimination against Ms. Vasquez's daughter J.V. by excluding J.V. from, and depriving her of, special education and related services for the 2021-2022 school year.

51.  Ms. Vasquez. was entitled to stop Defendant from violating Section 504 of the Rehabilitation Act of 1973, 29 USC § 794 for each of the aforementioned school years. She was also entitled to pursue enforcement of the services for each of the aforementioned school years under federal and state law, including under the Individuals with Disabilities Education Act, 20 U.S.C. 1400 et seq. and N.Y. Education Law Article 89.

52.  Defendant not only continuously discriminated against J.V. for years and continuously and unlawfully refused to provide J.V. the education and services she was entitled to, but also retaliated against Ms. Vasquez for standing up for her daughter's rights.

53.  Ms. Vasquez has been damaged by the Defendant's repeated discriminatory conduct, refusal to provide educational program and services to her child and Defendant's retaliatory conduct. Ms. Vasquez suffered the following injuries and damages: (a) severe emotional distress; (b) loss of educational opportunity for her child; (c) medical expenses and (d) attorney's fees and costs.

WHEREFORE, Plaintiffs demand judgment against Defendant in favor of Plaintiffs in an amount to be determined for each of Plaintiffs' causes of action and granting such other relief as this Court deems just and proper.

Dated: Far Rockaway, New York
April 25, 2022

Respectfully,

**GULKOWITZ BERGER LLP**
/s/ Shaya M. Berger
By: Shaya M. Berger, Esq.
544 Oak Drive
Far Rockaway, NY 11691
212-208-0006 (tel) | 718-744-9708 (fax)
sberger@gulkowitzberger.com