22-CV-3360 (PAC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA VASQUEZ, on behalf of herself and her
infant daughter, J.V.,

                                                    Plaintiff,

                        -against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                                    Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS THE
COMPLAINT**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
100 Church Street, Room 2-306
New York, New York 10007

Of Counsel: Jay Cullen
Phone: (212) 356-2079

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND & ALLEGATIONS IN THE COMPLAINT............................... 1

LEGAL STANDARD.............................................................................................................. 2

ARGUMENT

       POINT I

              PLAINTIFF'S 1983 CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES FOR TWO SCHOOL YEARS, FAILED TO SUFFICIENTLY ALLEGE A SPECIFIC POLICY OR CUSTOM THAT WAS THE MOVING FORCE BEHIND THE ALLEGED VIOLATION, AND MAY NOT BE AWARDED MONETARY DAMAGES UNDER SECTION 1983 FOR A VIOLATION OF THE IDEA ...................................................... 5

              A.  Failure to Exhaust Administrative remedies......................................... 5

              B.  Plaintiff has failed to Sufficiently Allege a Specific Policy or Custom of the DOE.................................................. 5

              C.  Monetary Damages are Unavailable for Section 1983 Claims Alleging a Denial of Free Appropriate Education where there is no Allegation of a Violation of Plaintiff's Procedural Rights............................................................... 7

**Page**

POINT II

    PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM UNDER SECTION 504 FOR THE DENIAL OF A FREE, APPROPRIATE EDUCATION MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES FOR TWO SCHOOL YEARS, FAILS TO DEMONSTRATE DISCRIMINATION BASED ON A DISABILITY, AND MAY NOT BE AWARDED EMOTIONAL DAMAGES UNDER SECTION 504 ....................................................... 11

    A. Failure to Exhaust Administrative remedies..................................... 11

    B. Failure to Demonstrate Disability Discrimination ................................................... 11

    C. Plaintiff may not be Awarded Emotional Damages under Section 504 ............................................ 11

POINT III

    PLAINTIFF'S RETALIATION CLAIM UNDER SECTION 504 FAILS TO ESTABLISH A PRIMA FACIA CASE OF RETALIATION, AND THE FACE OF THE COMPLAINT PROVIDES A NON-RETALIATORY BASIS FOR THE ALLEGED REFERRAL TO THE STATEWIDE CENTRAL REGISTER ............................................................ 15

CONCLUSION.................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                                          <u>Pages</u>

*Arar v. Ashcroft*,

532 F.3d 157 (2d Cir. 2008)............................................................................................3

*Ashcroft v. Iqbal*,

556 U.S. 662 (2009)....................................................................................................4, 5

*Avaras v. Clarkstown Cent. Sch. Dist.*,

No. 15 CV 9679 (NSR),

2019 U.S. Dist. LEXIS 84630 (S.D.N.Y. May 20, 2019).............................................8

*Avaras v. Clarkstown Cent. Sch. Dist.*,

2017 U.S. Dist. LEXIS 110624 (S.D.N.Y. July 17, 2017) .....................................12, 14

*BD v. DeBuono*,

130 F. Supp. 2d 401 (S.D.N.Y. 2001).......................................................................5, 7

*Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007).......................................................................................................4

*C.L. v. Scarsdale Union Free Sch. Dist.*,

744 F.3d 826 (2d Cir. 2014)....................................................................................11, 12

*Chambers v. Time Warner, Inc.*,

282 F.3d 147 (2d Cir. 2002)...........................................................................................4

*Cortec Indus., Inc. v. Shum Holding L.P.*,

949 F.2d 42 (2d Cir. 1991).............................................................................................2

*Cotto v. City of New York*,

803 Fed. Appx. 500 (2d Cir. 2020)......................................................... 6-7, 7, 8

*Cummings v. Premier Rehab Keller, P.L.L.C.*,

142 S. Ct. 1562 (2022) ................................................................................................14

| **Cases** | **Pages** |
|---|---|

*Dwares v. City of New York*,

985 F.2d 94 (2d Cir. 1993)....................................................................................7, 8

*Frank G. v. Bd. of Educ.*,

459 F.3d 356 (2d Cir. 2006)......................................................................................9

*Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*,

280 F.3d 98 (2d Cir. 2001)...............................................................................12, 13

*Gertskis v. United States EEOC*,

2013 U.S. Dist. LEXIS 39110 (S.D.N.Y. Mar. 20, 2013) ..........................................16

*Hanig v. Yorktown CSD*,

384 F. Supp. 2d 710 (S.D.N.Y. 2005)........................................................................2

*J.T. v. de Blasio*,

500 F. Supp. 3d 137 (S.D.N.Y. 2020).......................................................... 12-13, 13

*JTE Enters. v. Cuomo*,

2 F. Supp. 3d 333 (E.D.N.Y. Feb. 15, 2014) ..............................................................4

*Kajoshaj v. New York City Dep't of Educ.*,

543 F. App'x 11 (2d Cir. 2013)..........................................................................15, 17

*L.V. v. N.Y.C. Dep't of Educ.*,

No. 19-CV-05451 (AT) (KHP),

2020 U.S. Dist. LEXIS 128723 (S.D.N.Y. July 17, 2020) .................................. 4, 9, 11-12, 12, 13

*Loeffler v. Staten Island Univ. Hosp.*,

582 F.3d 268 (2d Cir. 2009)....................................................................................11

*M.W. v. N.Y.C. Dep't of Educ.*,

No. 15cv5029, 2015 U.S. Dist. LEXIS 112832 (S.D.N.Y. Aug. 25, 2015) ....................9

*Monell v. Dept. of Social Services*,

**Cases**                                                                                      **Pages**

436 U.S. 658 (1978)..........................................................................................7

*Oglesby v. Eikszta,*

499 F. App'x 57 (2d Cir. 2012) ...................................................................15, 17

*Ostrer v. Aronwald,*

567 F.2d 551 (2d Cir. 1977)..............................................................................8

*P.C. v. McLaughlin,*

913 F.2d 1033 (2d Cir. 1990)...........................................................................11

*Parker v. City of Long Beach,*

563 F. App'x 39 (2d Cir. 2014) ..........................................................................7

*Payson v Bd. of Educ. of Mount Pleasant Cottage Sch.,*

2017 US Dist LEXIS 154296 (S.D.N.Y., 2017) ...........................................15

*Phifer v. City of New York,*

99-CV-4422, 2003 U.S. Dist. LEXIS 6159 (S.D.N.Y. 2003)........................17

*Polera v. Bd. of Educ.,*

288 F.3d 478 (2d Cir. 2002)..................................................................6, 10, 11

*Rieger v. Drabinsky,*

151 F. Supp. 2d 371 (S.D.N.Y. 2001).................................................................5

*Rowan v. Laborers Int'l Union of N. Am.,*

No. 10 CV 3855 (DRH) (ETB), 2012 U.S. Dist. LEXIS 110278

(E.D.N.Y. Aug. 3, 2012).....................................................................................16

*Rutherford v. Fla. Union Free Sch. Dist.,*

16-CV-9778, 2019 U.S. Dist. LEXIS 55971 (S.D.N.Y. March 29, 2019) .................................3-4

*Streck v. Bd. of Educ.,*

280 F. App'x 66 (2d Cir. 2008).......................................................................8, 9

**Cases**                                                                                                        **Pages**

*Dervishi ex. rel. T.D. v. Stamford Bd. of Educ.,*

691 F. App'x 651 (2d Cir. 2016) ..................................................................................6

*Taylor v. Vt. Dep't of Educ.,*

313 F.3d 768 (2d Cir. 2002)....................................................................................5, 6

*Tchatat v. City of N.Y.,*

2015 U.S. Dist. LEXIS 115093 (S.D.N.Y. Aug. 28, 2015) ........................................7

*Treglia v. Town of Manlius,*

313 F.3d 713 (2d. 2002)............................................................................................16

*Vives v. City of N.Y.,*

524 F.3d 346 (2d Cir. 2008)........................................................................................7

*Weixel v. Bd. of Educ. of N.Y.,*

287 F.3d 138 (2d. 2002)............................................................................................15

*Zahra v. Town of Southold,*

48 F.3d 674 (2d Cir. 1995)...........................................................................................7

**Statutes**

20 U.S.C.S. § 1415....................................................................................................11

20 U.S.C. §§ 1400-1482 .............................................................................................1

20 U.S.C. § 1415(l) ..................................................................................................5, 6

29 U.S.C. § 794.................................................................................1, 10, 11, 14, 15

42 U.S.C. § 1983...............................................................................1, 5, 6, 7, 8, 9, 10

Fed. R. Civ. P. 8(a)(2)..................................................................................................4

Fed. R. Civ. P. 10(c) ...................................................................................................2

Fed. R. Civ. P. 12(b)(1)......................................................................................1, 3, 4

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 4

**Cases**                                                                                                  **Pages**

N.Y. Soc. Serv. Law § 420 ...................................................................................17

N.Y. Family Court Act § 1012(f)(i)(A) ..............................................................15

NYSSL § 413(1) ..................................................................................................17

NYSSL § 416 .......................................................................................................17

NYSSL § 419 .......................................................................................................17

## PRELIMINARY STATEMENT

Plaintiff Lisa Vasquez seeks monetary damages for the denial of a free, appropriate education for her daughter, J.V., during three school years--from 2019 through 2022--and brings her claim under 42 U.S.C. § 1983 ("Section 1983") for a violation of the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400-1482 (the "IDEA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504" or the "Rehabilitation Act"); Plaintiff also brings a claim for alleged retaliation under the Rehabilitation Act.

Defendant New York City Department of Education ("DOE") now moves to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court lacks subject matter jurisdiction for the claims related to the 2020-2021 and 2021-2022 school years because Plaintiff failed to exhaust her administrative remedies. Additionally, because Plaintiff does not sufficiently demonstrate that any violation of her constitutional rights occurred as a result of an unconstitutional policy, custom or practice, her Section 1983 claims fail. Furthermore, Plaintiff is not entitled to any monetary damages for her claims brought pursuant to the IDEA. Finally, Plaintiff's claims under the Rehabilitation Act fail because she has not sufficiently alleged discrimination based on a disability, and the face of the Complaint both fails to state a *prima facia* case of retaliation and provides the necessary evidence to show that Defendant's alleged referral had a legitimate, non-discriminatory basis. For these reasons, Plaintiff's Complaint should be dismissed in its entirety.

## FACTUAL BACKGROUND & ALLEGATIONS IN THE COMPLAINT

The following facts alleged in Plaintiff's Complaint are assumed to be true for this motion only. References to material or facts outside of the pleadings are made only to the extent that they are integral to Plaintiff's allegations and causes of action. [1]

Plaintiff Lisa Vasquez brings this case on behalf of her daughter, J.V. (the "Student"), who has been classified as a student with a disability. ¶ 7 (Dkt. No. 16) (the "Complaint "or "Compl."). Plaintiff and her daughter live in Staten Island, and J.V. was eleven (11) years old when the Complaint was filed.  Compl. ¶¶ 1, 39. The Complaint alleges that J.V. was classified as a student with a speech and language impairment and that the DOE referred the Student to a Community Based Support Team for placement in a state-approved Non-Public School ("NPS"). Compl. ¶ 8. The Complaint alleges that despite this referral, the DOE did not provide a placement. Compl. ¶ 10. Instead, Plaintiff identified the Reece School ("Reece") in May 2019 as an NPS because "she had no other option." Compl. ¶¶ 9-10. Plaintiff claims that Reece was ultimately damaging to the Student, who was allegedly harassed by other students. Compl. ¶ 11. The Complaint alleges that Reece "kicked J.V. out of school in March 2020." Compl. ¶ 12. The Complaint further alleges that the Student had no placement from March 2020 through August 2020. Compl. ¶ 12. However, according to the decision of the Impartial Hearing Officer ("IHO") in Case Number 193432 (Exhibit A), the Student was still registered at Reece in July 2020.

The Complaint also contains an allegation that Plaintiff identified Leap/Dyslexia Associates ("Leap"), a service provider, as an alternative to Reece in May 2020, and requested that

---

[1] Defendant respectfully submits that the Court may take judicial notice of the administrative decisions, IHO case number 193432 and 173490 as they is referenced and relied on in the Complaint. *See Cortec Indus., Inc. v. Shum Holding L.P.*, 949 F.2d 42, 46-28 (2d Cir. 1991); *Hanig v. Yorktown CSD*, 384 F. Supp. 2d 710 (S.D.N.Y. 2005) (citing Federal Rule of Civil Procedure 10(c) ("In assessing the legal sufficiently of a claim, the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by references...and documents that are integral to plaintiff's claims, even if not explicitly incorporated by reference.").

the DOE facilitate the Student's enrollment in that program. Compl. ¶ 16. In August 2020, the Complaint alleges that the Plaintiff successfully enrolled the Student in the LEAP program, which provides 4 hours per week of services. Compl. ¶ 17. The Complaint then alleges that for the 2020-2021 school year and 2021-2022 school year the Student attended the LEAP program and that the Plaintiff was in constant contact with the DOE, demanding that it provide the services to which she believed she was entitled. Compl. ¶18. The Complaint states that the DOE ultimately failed to provide various special education and related services for the 2019-2020, 2020-2021, and 2021-2022 school years. Compl. ¶21.

The Complaint then makes broad and conclusory statements that the DOE has a policy of systematically denying disabled children an education, without reference to any other child besides the Student. Compl. ¶¶ 22-26. The Complaint also alleges that pursuant to this policy, a member of the Committee on Special Education ("CSE") filed a false report of educational neglect with the New York City Administration for Children's Services ("ACS") against the Plaintiff as part of a custom to prevent parents from enforcing their rights. Compl. ¶¶ 27-28. The Complaint does not identify the CSE member or name them as a defendant in the lawsuit. It provides no other examples of this alleged policy manifesting with other parents. The Complaint also alleges that in the Spring of 2020 the DOE had not provided a school placement and thus made this referral as a means to escape that responsibility. Compl. ¶ 30.

Plaintiff claims that the Student is "permanently damaged" and that the Parent has suffered severe emotional distress, loss of educational opportunity for her child, medical expenses, and attorney's fees and costs. Compl. ¶¶ 37, 51, 62, 71.

## LEGAL STANDARD

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Arar v. Ashcroft*, 532 F.3d 157, 162 (2d Cir. 2008). "On a Rule 12(b)(1) motion, . . . the party who invokes the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists". *Rutherford v. Fla. Union Free Sch. Dist.*, 16-CV-9778, 2019 U.S. Dist. LEXIS 55971 at *54 (S.D.N.Y. March 29, 2019) (citation omitted).

"In adjudicating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court may consider matters outside the pleadings." *JTE Enters. v. Cuomo*, 2 F. Supp. 3d 333, 338 (E.D.N.Y. Feb. 15, 2014) (citation, alterations, and quotation marks omitted). Similarly, in considering a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *L.V. v. N.Y.C. Dep't of Educ.*, No. 19-CV-05451 (AT) (KHP), 2020 U.S. Dist. LEXIS 128723, at *15 (S.D.N.Y. July 17, 2020). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Id.* at 153 (internal quotation marks omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). While Federal Rule of Civil Procedure 8(a)(2) does not require that a plaintiff plead "detailed factual allegations," the plaintiff must assert more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s],"

"labels and conclusions," or "naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations omitted). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In considering a motion to dismiss, a court must accept all of the factual allegations in the complaint as true and construe all reasonable inferences in the plaintiff's favor. *Id.* at 678. The court is not bound to accept as true "mere conclusory statements" in the complaint. *Iqbal,* 556 U.S. The court further "need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely or by facts of which the court may take judicial notice." *Rieger v. Drabinsky*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) (collecting cases).

## ARGUMENT

### POINT I

**PLAINTIFF'S 1983 CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES FOR TWO SCHOOL YEARS, FAILED TO SUFFICIENTLY ALLEGE A SPECIFIC POLICY OR CUSTOM THAT WAS THE MOVING FORCE BEHIND THE ALLEGED VIOLATION, AND MAY NOT BE AWARDED MONETARY DAMAGES UNDER SECTION 1983 FOR A VIOLATION OF THE IDEA**

**A.    Failure to Exhaust Administrative remedies**

A Plaintiff who brings suit through Section 1983 or the Rehabilitation Act claiming alleged violations of IDEA must first exhaust their administrative remedies. *See* 20 U.S.C. §

1415(l); *BD v. DeBuono*, 130 F. Supp. 2d 401, 426 (S.D.N.Y. 2001) ("A plaintiff who files suit under Section 1983 or the Rehabilitation Act because of alleged violations of IDEA must still comply with the IDEA's exhaustion requirements."). To determine whether a plaintiff must exhaust the IDEA's administrative remedies, the court must evaluate whether a plaintiff alleges that the violations constitute the denial of a free appropriate public education ("FAPE"). *Fry v. Napolean Cmty. Sch.* 137 S. Ct. 743, 750 (2017). Where a plaintiff alleges the denial of a FAPE by the alleged failure to provide certain services to a child with a disability, a plaintiff must exhaust the administrative remedies. *Id.* at 754.

Failure to exhaust administrative remedies "deprives [the federal courts] court of subject matter jurisdiction over the plaintiff's claims." *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 789 (2d Cir. 2002). A Plaintiff may not simply argue that because any hearing officer would be biased, then she does not need to exhaust the necessary requirements. *Dervishi ex. rel. T.D. v. Stamford Bd. of Educ.*, 691 F. App'x 651, 652 (2d Cir. 2016). Finally, Plaintiff "cannot evade the IDEA's exhaustion requirement simply by framing his or her action as one for monetary relief." *Taylor,* 313 F.3d at 789; *Polera v. Bd. of Educ.*, 288 F.3d 478, 490 (2d Cir. 2002) "[D]isabled-student plaintiffs…should not be permitted to "sit on" live claims and spurn the administrative process that could provide the educational services they seek, then later sue for damages.").

Plaintiff's Section 1983 claims are related to three school years, 2019-2020, 2020-2021, and 2021-2022. Compl. ¶¶ 43-45. Plaintiff argues that she has exhausted her administrative remedies because the DOE failed to implement some of the required services from two impartial hearings referenced in the Complaint, namely 173490 and 193432, which have claims for the 2016-2017, 2017-2018, 2018-2019 and the 2019-2020 school years. Compl. ¶ 21. Neither Decision references the 2020-2021 or 2021-2022 school years. Neither administrative case could assert violations from the 2020-2021 and 2021-2022 school years as the Complaints were filed before

those school years had begun. *See* Exhibit A at 1; Exhibit B at 1. The Complaint does not allege that Plaintiff fully litigated the 2020-2021 and 2021-2022 school years in front of an Impartial Hearing Officer as required under the IDEA. *See* 20 U.S.C. § 1415(l).  Thus, the face of the Complaint provides no plausible basis for the allegation that the Plaintiff exhausted her claims for the 2020-2021 and 2021-2022 school years. Therefore, Plaintiff must first follow the procedures outlined in the IDEA to vindicate her rights under the IDEA before suing in federal court. *Id*. Until Plaintiff has done so, the federal court lacks subject matter jurisdiction for those claims.  *Taylor*, 313 F.3d at 789.

**B.      Plaintiff has failed to Sufficiently Allege a Specific Policy or Custom of the DOE**

To establish a claim under Section 1983 against a municipality, a Plaintiff must show a policy or practice implemented by the municipality that caused their injuries. *Cotto v. City of New York*, 803 Fed. Appx. 500, 503 (2d Cir. 2020) ("Under *Monell* [*v. Dept. of Social Services*], 436 U.S. 658, 694 (1978)], a city can be liable under 42 U.S.C. § 1983 only when the alleged deprivation of rights occurs pursuant to a governmental policy, custom, or usage."). To establish a policy or practice, Plaintiff's allegations must either (1) depict either a formal policy endorsed by the municipality, (2) show that a policymaker caused the alleged violation, (3) demonstrate that the practice is so widespread that it constitutes a custom, or (4) allege that the failure of a policy-maker to properly train subordinates to such an extent that it amounts to deliberate indifference. *BD v. DeBuono*, 130 F. Supp. 2d 401, 438 (S.D.N.Y. 2001). Furthermore, "the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) *citing Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993).

The Complaint fails to outline evidence of a policy or custom; instead, it merely

states, in a conclusory fashion, that the DOE has a custom of refusing to abide by administrative orders from impartial hearing officers. Compl. ¶¶ 23-24. As outlined in *BD v. DeBuono*, Plaintiff has four plausible ways to outline a policy of the DOE in order to survive a motion to dismiss under Section 1983, but Plaintiff satisfies none of them. Plaintiff does not provide evidence of a specific policy of the Department of Education that led to the alleged harm. *Vives v. City of N.Y.*, 524 F.3d 346, 350 (2d Cir. 2008). The Plaintiff does not name a person with "final policymaking power" that made a decision that could be " plausibly read to represent the policy of the entity as a whole" that cause her injury. *Tchatat v. City of N.Y.*, 2015 U.S. Dist. LEXIS 115093, at *26 (S.D.N.Y. Aug. 28, 2015). The Complaint does not describe the facts that apply to any other student to show a "widespread custom." *Cotto* at 501. Nor does the Complaint allege a failure to train or supervise. *Parker v. City of Long Beach*, 563 F. App'x 39, 41 (2d Cir. 2014).

The lack of specific, factual allegations demonstrating a plausible DOE policy is fatal to Plaintiff's 1983 claims. *Cotto* at 503. Plaintiff offers no allegations that apply to any other individuals except her and the Student, failing to demonstrate any plausible widespread practice. When a Plaintiff has only asserted allegations against individuals related to isolated events, such claims are insufficient to sustain liability against the municipality. *Id*. at 504. Plaintiff has only made general allegations of a policy with no further allegations applying to any other individuals; Courts in the Second Circuit have been clear that Complaints such as this should be dismissed. *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993) *citing Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) ("Complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed.").

**C.    Monetary Damages are Unavailable for Section 1983 Claims Alleging a Denial of Free Appropriate Education where there is no Allegation of a Violation of Plaintiff's Procedural Rights**

When a Plaintiff pursues a 42 U.S.C. § 1983 ("Section 1983") action alleging violations of the IDEA, the Plaintiff must "allege a denial of procedural safeguards or administrative remedies" to receive monetary damages. *Streck v. Bd. of Educ.*, 280 F. App'x 66, 67 (2d Cir. 2008). Generally, Courts have interpreted this "procedural safeguard" requirement to mean that the Plaintiff must allege a denial of access to the administrative review process to survive a motion to dismiss. *Avaras v. Clarkstown Cent. Sch. Dist.*, No. 15 CV 9679 (NSR), 2019 U.S. Dist. LEXIS 84630, at *11 (S.D.N.Y. May 20, 2019) ("Plaintiff does not claim that she was denied access to the administrative review process. Nor does she point to authoritative case law that challenges the binding authority of the Second Circuit, precluding Plaintiff's from getting money damages for IDEA violations where they were afforded [review].").

In *Streck*, the Court found that because the Plaintiffs were "afforded a hearing before an impartial hearing officer and review by a state review officer" monetary damages were unavailable for claims relying on Section 1983 for violations of the IDEA. *Streck* at 67; *see also L.V. v. N.Y.C. Dep't of Educ.*, No. 19-CV-05451 (AT) (KHP), 2020 U.S. Dist. LEXIS 128723, at *30 (S.D.N.Y. July 17, 2020) ("To pursue a damages claim under § 1983, a plaintiff must allege facts sufficient to show a plausible denial of due process, such as a defendant's failure to follow the IDEA's procedural safeguards, that goes beyond a violation of the IDEA.").

Here, Plaintiff's Section 1983 should be dismissed, as discussed in Point I(B). However, if the Court ultimately does not dismiss these claims, Plaintiff is still barred from receiving monetary compensation for the alleged denial of educational services to the Student. *Streck* at 67. To proceed on a Section 1983 claim under the IDEA, a Plaintiff must allege violations of the procedural safeguards. As in *Streck* and *L.V.*, there are no allegations in the complaint of

procedural violations of the IDEA. *Streck v. Bd. of Educ.*, 280 F. App'x 66, 67 (2d Cir. 2008).

Furthermore, awarding monetary damages for the allegation of an inability to implement an Individualized Education Plan (IEP) would run contrary to the goals of the IDEA. The goal of the "IDEA is to ensure that a free appropriate public education is available to all children with disabilities." *Frank G. v. Bd. of Educ.*, 459 F.3d 356, 371 (2d Cir. 2006). Allowing Plaintiff to bring claims related to the implementation of an IEP to receive tort-like relief would recondition the IDEA into a remedy for emotional distress. This is inconsistent with the structure of the statute, which strongly favors the restoration of educational rights and awarding "compensatory education that would put [the Plaintiff] in the same position she would have been had she not been denied a FAPE." *M.W. v. N.Y.C. Dep't of Educ.*, No. 15cv5029, 2015 U.S. Dist. LEXIS 112832, at *11 (S.D.N.Y. Aug. 25, 2015). Here, Plaintiff alleges her daughter was not offered the services to which she was entitled. Even assuming the allegations are true, the appropriate remedy would be an award of additional educational services to the Student, not monetary damages to the parent.

Alternate theories the Plaintiff may pursue are also unavailing. Plaintiff may not recover for a direct violation of the IDEA itself, either. *See Polera v. Bd. of Educ.*, 288 F.3d 478, 486 (2d. Cir. 2002). ("The purpose of the IDEA is to provide educational services, not compensation for personal injury, and a damages remedy--as contrasted with reimbursement of expenses--is fundamentally inconsistent with this goal… [thus,] monetary damages are not available under the IDEA."). Similarly, even when a Plaintiff does have a viable claim for monetary damages through Section 1983 because of a violation of the IDEA, the Plaintiff still must exhaust her administrative remedies. *Polera v. Bd. of Educ.*, 288 F.3d 478, 487 (2d Cir. 2002) ("Courts in the Second Circuit have required exhaustion of administrative remedies even where

damages were held to be unavailable through the administrative process. In such cases, plaintiffs were not permitted to evade the IDEA's exhaustion requirement merely by tacking on a request for money damages."). As explained in Point I(A), Plaintiff does not allege that she fully litigated any administrative claims for the 2020-2021 or 2021-2022 school years and, therefore, failed to satisfy the mandatory exhaustion requirement.

## POINT II

**PLAINTIFF'S                           DISABILITY DISCRIMINATION CLAIM UNDER SECTION 504 FOR THE DENIAL OF A FREE, APPROPRIATE EDUCATION MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES FOR TWO SCHOOL YEARS, FAILS TO DEMONSTRATE DISCRIMINATION BASED ON A DISABILITY, AND MAY NOT BE AWARDED EMOTIONAL DAMAGES UNDER SECTION 504**

### A.      Failure to Exhaust Administrative remedies

To be awarded money damages under Section 504 of the Rehabilitation Act for educational discrimination, a Plaintiff must exhaust their administrative remedies; if they fail to do so, the federal courts lack jurisdiction. 20 U.S.C.S. § 1415; *Polera v. Bd. of Educ.*, 288 F.3d 478, 483 (2d Cir. 2002). As discussed above in Point I(A), Plaintiff did not exhaust her remedies in front of the IHO to receive further educational services for the 2020-2021 or 2021-2022 school years. Thus, the federal courts lack subject matter jurisdiction over those claims. *Id*.

### B.      Failure to Demonstrate Disability Discrimination

For a claim to prevail under the Rehabilitation Act, a Plaintiff must demonstrate that (1) that they have a disability under the Rehabilitation Act; (2) that they are "otherwise

qualified" for the benefit that has been denied; (3) that they have been denied the benefits "solely by reason of" their disability; and (4) that the benefit is part of a program or activity receiving federal financial assistance. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009). Furthermore, Plaintiffs bringing suit under the Section 504 of the Rehabilitation Act must show that a disabled person's particular needs were denied because of the relevant handicap. *P.C. v. McLaughlin*, 913 F.2d 1033, 1041 (2d Cir. 1990). Furthermore, the Second Circuit has found that to receive monetary damages instead of education relief, a Plaintiff must show an intentional violation. *Loeffler v. Staten Island Univ. Hospital*, 582 F.3d 268, 275 (2d Cir. 2009) (monetary damages under the Rehabilitation Act are recoverable upon a showing of an "intentional" violation). Additionally, the Second Circuit requires that while a Plaintiff may recover for the denial of a free, appropriate education, the Complaint "requires proof of bad faith or gross misjudgment." *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 841 (2d Cir. 2014). Finally, Plaintiff must further demonstrate that Defendant's actions were driven by discriminatory animus or ill will based on the plaintiff's disability. *L.V. v. N.Y.C. Dep't of Educ.*, No. 19-CV-05451 (AT) (KHP), 2020 U.S. Dist. LEXIS 128723, at *33 (S.D.N.Y. July 17, 2020) *citing Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 111 (2d Cir. 2001).

For the 2019-2020 school year, the only year where Plaintiff fully sought to pursue her administrative remedies, there are two relevant allegations relating to the claimed denial of educational services: (1) that Plaintiff did not receive all of her required services while attending Reece; and (2) that the DOE did not timely find a new school for the Student in the Spring of 2020. Even accepting that the Student missed some services while at Reece, this is insufficient to sustain a 504 claim. Plaintiffs are required to demonstrate that the denial of reasonable accommodations was based on the Student's disability. *L.V.* at 34. Moreover, the fact of missed services is

insufficient to create "an inference of animus based on [the Student's] disability." *Id.*; *see also Avaras v. Clarkstown Cent. Sch. Dist.*, 2017 U.S. Dist. LEXIS 110624, at *81 (S.D.N.Y. July 17, 2017). Additionally, standing alone, the allegation that the school, chosen by the parent, neglected to fully serve the student does not establish "bad faith or gross misjudgment." *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 841 (2d Cir. 2014).

Similarly, the claim that the DOE did not timely identify a new educational placement for the student is insufficient to sustain a claim. First, as discussed in the factual background section, the decision of the IHO established that the child had a school; the Student was registered at Reece in the spring of 2020. (Exhibit A). Furthermore, in March 2020, with the onset of the COVID-19 pandemic forcing system-wide school closures, the DOE was rapidly trying to determine the best way to provide an appropriate education for approximately 1 million schoolchildren. Therefore, there is no evidence that an alleged delay in finding a new placement was due to discrimination. In fact, the DOE took extraordinary measures to ensure that students were able to continue receiving an education in March 2020. *See generally, J.T. v. de Blasio*, 500 F. Supp. 3d 137 (S.D.N.Y. 2020). The Court in *J.T.* found that (1) per the United States Department of Education, the provision of a FAPE may include services provided through remote instruction, (*Id.* at 188) and (2) that school closures did not require amendments to a student's IEP, since remote learning should be understood an alternative mode of instructional delivery. *Id.* The Court further found that shutdowns did not constitution a change in a student's general education placement. *Id.* Therefore, while the child could not attend Reece in person, the DOE did not have a legal obligation to find that child a new school. Indeed, given COVID-related school closures, the DOE would have been unable to find a new placement given the systemic school closures. The child's had a school, Reece, but the child could not attend in person just like virtually every other

schoolchild in March 2020. (Exhibit A at 2). Given this context, Plaintiff's allegations of discrimination are not sufficient to carry a discrimination claim under the Rehabilitation Act.

Finally, the Complaint fails to establish that DOE's actions were predicated on disability discrimination, as required under 504. Under 504, Plaintiff must plausibly allege that Defendant's behavior "was motivated by discriminatory animus or ill will based on the plaintiff's disability." *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 111 (2d Cir. 2001) (such actions are akin to those "proscribed by the Fourteenth Amendment—i.e., conduct that is based on irrational prejudice or wholly lacking a legitimate government interest."). Plaintiff has not made this showing because she does not plausibly allege that J.V. was treated differently from non-disabled students or denied reasonable accommodations based on her disability. As was the case in *L.V.*, failing to comply with IHO orders may be the basis for an award of compensatory education under the IDEA, but such a claim does not suggest that "any alleged indifference to Plaintiffs' rights was motivated by [Plaintiff's disability]." *L.V.,* 2020 U.S. Dist. LEXIS 128723, at *34-35 (S.D.N.Y. July 17, 2020).

In short, unless Plaintiff can plausibly establish (1) that a delay in finding a new school was an adverse decision and (2) that the delay was because of discrimination, her claim under the Rehabilitation Act fails as a matter of law. *Avaras v. Clarkstown Cent. Sch. Dist.*, 2017 U.S. Dist. LEXIS 110624, at *81 (S.D.N.Y. July 17, 2017). The face of the Complaint does neither, as (1) the IHO decision demonstrates that because the Student was registered in school at Reece, there is no evidence that the DOE was obligated to find the Student a different school, and (2) the Complaint includes no plausible facts to support the allegation that the alleged delay in finding a school or providing services was caused by discrimination.

**C.**     **Plaintiff may not be Awarded Emotional Damages under Section 504**

Plaintiff also seeks emotional damages under 504, but these damages are unavailable, as the Supreme Court has recently held that "emotional distress damages are not recoverable under the Spending Clause antidiscrimination statutes…, which include the Rehabilitation Act." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1563, 1576 (2022). Thus, the claim for emotional damages under 504 should be dismissed.

## POINT III

**PLAINTIFF'S RETALIATION CLAIM UNDER SECTION 504 FAILS TO ESTABLISH A PRIMA FACIA CASE OF RETALIATION, AND THE FACE OF THE COMPLAINT PROVIDES A NON-RETALIATORY BASIS FOR THE ALLEGED REFERRAL TO THE STATEWIDE CENTRAL REGISTER**

Plaintiff alleges retaliation under Section 504 of the Rehabilitation Act in connection with an alleged report of suspected educational neglect[2] to the New York State Central Register (SCR) by an employee of the Committee on Special Education. To establish a *prima facia* claim for retaliation under Section 504 a Plaintiff must show that:

(i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against the plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action. *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 148 (2d. 2002).

---

[2] Educational neglect is part of the general definition of neglect, which involves "the failure of [a] parent or other person legally responsible for [a child's] care to exercise a minimum degree of care in supplying the child with adequate food, clothing, shelter or education in accordance with [the state education law]." New York Family Court Act § 1012(f)(i)(A).

If a Plaintiff "establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the challenged [decision]." *Payson v Bd. of Educ. of Mount Pleasant Cottage Sch.*, 2017 US Dist LEXIS 154296, at *69-70 (S.D.N.Y., 2017).

The Plaintiff's conclusory allegations that the DOE "took these steps to retaliate" by "initiating and fueling this false campaign against Ms. Vasquez" are "mere conclusory statements" that the Court need not accept, particularly in light of Defendant's staff's legal obligation to report educational neglect. Compl. ¶¶ 31-32; *Kajoshaj v. New York City Dep't of Educ.*, 543 F. App'x 11, 15 (2d Cir. 2013) (affirming dismissal of claims that school's reports to ACS were motivated by discrimination because "reporting suspected abuse are consistent with obligations under New York law."); *Oglesby v. Eikszta*, 499 F. App'x 57, 60 (2d Cir. 2012) ("We owe defendants' decision to report reasonably suspected abuse and neglect 'unusual deference' given their legal obligation to report suspected abuse and their potential liability for failing to do so."). The Plaintiff hypothesizes that the DOE has a custom and practice of depriving students with a disability of their right to an education and then uses referrals to ACS as a means of disincentivizing parents from pursuing these rights. Compl. ¶¶ 27-35. Plaintiff provides no evidence of such a policy, and only describes her alleged personal circumstances. Without any additional facts, a mere conclusory allegation of a causal connection is not sufficient to overcome a motion to dismiss. *Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d. 2002) ("[a Plaintiff] must show that the allegedly adverse actions occurred in circumstances from which a reasonable jury could infer retaliatory intent.").

Furthermore, the face of the Complaint provides a non-retaliatory basis for the alleged referral. The Complaint alleges that a member of the Committee of Special Education ("CSE") filed a false complaint against the Plaintiff in the Spring of 2020. Compl. ¶ 27. The Complaint does not identify the CSE member or name them in the lawsuit. The Complaint also

16

alleges that in the Spring of 2020 the DOE had not provided a school placement and thus made this referral as means to escape that responsibility. Compl. ¶ 30.

However, the IHO Decision in Case Number 193432 belies this allegation. There, the IHO found that "at the time of the hearing the child was attending The Reece School ("Reece") pursuant to a Nickerson/P-1 Letter for the 2019-2020 school-year." (Exhibit A at 2). The Decision lists the dates of the hearing as July 7, 2020, and July 22, 2020. Courts may take judicial notice of prior decisions. *Gertskis v. United States EEOC*, 2013 U.S. Dist. LEXIS 39110, at *3-6 (S.D.N.Y. Mar. 20, 2013) ("A district court reviewing a motion to dismiss may also consider documents of which it may take judicial notice, including pleadings and prior decisions in related lawsuits."). Sister Courts have also taken judicial notice of IHO decisions when considering IDEA related cases. *Rowan v. Laborers Int'l Union of N. Am.*, No. 10 CV 3855 (DRH) (ETB), 2012 U.S. Dist. LEXIS 110278, at *14 (E.D.N.Y. Aug. 3, 2012).   Thus, at the time of the allegations in the Complaint, both the administrative law judge and the Plaintiff herself claimed that the student *was enrolled* at Reece, and had the opportunity to attend school during the timeframe outlined in the Complaint. However, the Complaint alleges that the Student was only receiving a fraction of her services from March 2020 through August 2020. Compl. ¶¶ 16-17.

Therefore, the face of the Complaint provides sufficient factual justification for the alleged referral to the Statewide Central Register; indeed, the report was required under state law. DOE employees who are aware of a student not attending school are required to report this to the SCR. Under New York Social Services Law (NYSSL), school officials are mandated reporters with an affirmative obligation to report suspected educational neglect, encouraged to err on the side of caution, and presumed to act in good faith. NYSSL §§ 413(1), 416, 419. Failure for a DOE employee to report suspected neglect can carry criminal sanctions. N.Y. Soc. Serv. Law § 420. As

a result, courts exercise a considerable degree of tolerance in granting statutory immunity to those who report in good faith. *See, e.g.*, *Phifer v. City of New York*, 99-CV-4422, 2003 U.S. Dist. LEXIS 6159, at *21-22 (S.D.N.Y. 2003). In *Oglesby*, a Plaintiff made a retaliation claim based on the fact that the referral occurred soon after a complaint by the Plaintiff and because the allegations were "materially false." *Oglesby v. Eikszta*, 499 F. App'x 57, 60 (2d Cir. 2012). The Court concluded that despite the allegations, the call was not retaliatory because the Court owed "unusual deference" to the educational officials given their potential liability for failing to report. *Id.* Similarly, in *Kajoshaj* the Second Circuit found that even though the Plaintiff's allegations were consistent with a Title VI violation, the claims were dismissed in part because they lacked additional factual basis and because reporting suspected abuse was consistent with educational employees' obligations under New York State law. *Kajoshaj v. N.Y.C. Dep't of Educ.*, 543 F. App'x 11, 14-15 (2d Cir. 2013). Thus, based upon the uncontroverted facts contained in the hearing record, which are cited to and relied upon for drafting the Complaint, the child was registered at Reece, but not attending school. Accordingly, the Complaint and the IHO decision in Case No. 193432 demonstrate that any alleged report by a DOE employee to the SCR would have had a legitimate basis as it would have been mandatory.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion to dismiss the Amended Complaint in its entirety, with prejudice, and grant it such other and further relief as the Court deems just and proper.

Dated:      November 23, 2022
              New York, New York

                                     **Hon. Sylvia O. Hinds Radix**
                                     Corporation Counsel of the
                                       City of New York
                                     Attorney for Defendant
                                     100 Church Street
                                     New York, New York 10007
                                     Tel: (212) 356-2079
                                     jecullen@law.nyc.gov

                              By:  <u>s/ *Jay Cullen*</u>
                                     Jay Cullen
                                     Assistant Corporation Counsel