**Defendant's Exhibit A**

DECISION AND ORDER

| | |
|---|---|
| Case Number | 193432 |
| Student's Name: | ▓▓▓▓▓▓▓▓ |
| Date of Birth: | ▓▓▓▓▓▓▓▓ |
| District: | 04 |
| Hearing Requested By: | Parent |
| Dates of Hearing: | July 7, 2020, July 22, 2020 |
| Hearing Officer: | Rona Feinberg, Esq. |
| Actual Record Close Date: | September 2, 2020 |

## WITNESSES

**July 7, 2020**

| | | |
|---|---|---|
| Ifeoma McKenzie, Esq. (via telephone) | Attorney | Department of Education |
| M'Ral Broodie Smith, Esq. (via telephone) | Attorney | Parent |
| Lisa Vasquez (via telephone) | Mother | |

**July 22, 2020**

| | | |
|---|---|---|
| Ifeoma Mckenzie, Esq. (via telephone) | Attorney | Department of Education |
| M'Ral Broodie Smith, Esq. (via telephone) | Attorney | Parent |
| Carsyn Costello (via telephone) | Legal Intern | Parent |
| Lisa Vasquez (via telephone) | Mother | |

Hearing Officer's Findings of Fact, Decision and Order

<u>Case No. 193432</u>

## INTRODUCTION

On July 7, 2020 and July 22, 2020 I held an impartial hearing in this case pursuant to the Individuals With Disabilities in Education Act (IDEA), 20 U.S.C. 1415(f)(1) regarding the education program of a school-aged child, ▮▮▮▮▮▮▮▮ ("the child"). The hearings were held remotely due to the Covid-19 crisis. A list of witnesses testifying and documents received into evidence are attached to this Decision and Order.

## BACKGROUND

The child is nine years-old and on her June 29, 2019 IEP she was classified as having a Speech or Language Impairment. At the time of the hearing the child was attending The Reece School ("Reece") pursuant to a Nickerson/P-1 Letter for the 2019-2020 school-year.

The parent, by her attorney M'Ral Broodie Stewart, Esq., filed an Impartial Hearing Request on April 1, 2020 alleging that, for numerous reasons, the Department of Education failed to provide the child with a Free and Appropriate Education ("FAPE") for the 2018-2019 and 2019-2020 school-years. As a remedy for the deprivation of FAPE for the 2018-2019 school-year the parent asked, in relevant part, for the continuation of a bank of compensatory hours at an enhanced rate for the services required by a prior Order on Pendency by IHO Farago dated February 28, 2019 but that were not provided to the child. For the 2019-2020 school-year the parent alleged that an IEP dated June 27, 2019 was procedurally and substantively defective and deprived the child of a FAPE. The parent asked for compensatory services, a legally valid IEP with the appropriate level of related service hours as recommended by the child's service providers and funding for an appropriate private school. The parent also asked for an independent neuropsychological evaluation. On July 22, 2020 I issued an Interim Order granting that request (Parent's Ex. A at 3-4; IHO Ex. I).

The original compliance date was June 15, 2020. I extended the compliance date three times, initially for an independent evaluation and subsequently for the availability of witnesses and for this hearing officer to review the record and issue a Decision and Order.

The extensions were granted after considering the cumulative impact of the factors enumerated in Section 200.5(j)(5)(ii) of the New York State Regulations of the Commissioner of Education ("Commissioner's Regulations") and a determination that there was a compelling reason for each of the extensions as required by Section 200.5(j)(5)(iii) of the Commissioner's Regulations.  Specifically, (a) the child was attending school and receiving services and there was a prior Decision and Order in effect granting the child extensive compensatory services; (b) in accordance with due process the parties were entitled to have this hearing officer conduct a review of the transcripts and evidence prior to issuing a Decision and Order; (c) there were no financial or detrimental consequences likely to be suffered by either party by the delay; and (d) there was no prior delay in adjudicating the issues on remand that impacted on the child's education.

**THE ISSUES REMAINING IN DISPUTE AT THE IMPARTIAL HEARING**

The remaining issues in the case are whether the Department of Education provided the child with a FAPE for the 2018-2019 and 2019-2020 school-years and if not, whether the relief that the parent is requesting is appropriate.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**A. The Department of Education's Case**

The purpose behind the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §§ 1400-1482 is to ensure that students with disabilities have available to them a FAPE, a free and appropriate education in the least restrictive environment ("LRE").  A FAPE includes special education and related services designed to meet a child's unique needs, provided in conformity with a comprehensive written IEP. 20 U.S.C. § 1401(9)(D) 34 C.F.R. § 300.13; see 20 U.S.C. § 1414(d); 34 C.F.R. § 300.347; Board of Education v. Rowley, 458 U.S. 176, 179-81, 200-201 (1982).  A school District offers a FAPE by developing an IEP and "providing personalized instruction with sufficient support services to permit a child to benefit educationally from that instruction." Id. At 203; See R.E, v. New York City Dept. of Educ., 694 F.3d 167, 175 (2nd Cir. 2012).  An appropriate placement is one that is "reasonably calculated to enable the child to receive educational benefits." Rowley, 458 U.S. at 188-189, 207; Florence County School District Four v. Carter, 510 U.S. 7, 14 (1993); Frank G., v. Bd. of Educ. of Hyde Park, 450 F.3d 356, 364 (2d Cir.2006), cert. denied, ___ U.S. ___, 128 S.Ct. 436, 169 L.Ed.2d 325 (2007). At an impartial hearing the Department of Education bears the burden of demonstrating the appropriateness of the program recommended by its CSE. N.Y. Educ. Law §4404[1][c].

To meet its burden, the Board of Education must show that it recommended a program that is reasonably calculated to allow the child to receive educational benefits and that the recommended program is the LRE for the child. Rowley, 458 U.S. at 188-189; 34 CFR 300.550 [b]; 8 NYCRR 200.6 [a][1]. The IEP must and the program must be "likely to produce progress and not regression" and afford the student an "opportunity for greater than trivial advancement." M.O. v. N.Y.C. Dept. of Educ., 793 F.3d 236, 23 (2d Circ., 2015), citing M.H. v. N.Y.C. Dept. of Educ., 685 F.3d 217, 224 (2d Cir.2012).  In Endrew F. v. Douglas County School District, 580 U.S. __, 137 S.Ct. 988, 197 L.Ed.2d 335 (2017), the Supreme Court's unanimous decision on special education, the Court clarified that a school district must do more than provide a "merely more than *de minimis*" education program to a student with a disability. Rather a school district must offer a program that is "reasonably calculated to enable a child to make progress appropriate *in light of the child's circumstances*" (emphasis added) and each child's program should be "appropriately ambitious" in light of those circumstances and provide the child with "the chance to meet challenging objectives" in the LRE.  Id. at 1000-1002.

An appropriate program begins with an IEP that accurately reflects the results of evaluations to identify the child's needs.  In order to conduct adequate assessments upon which the base the IEP, the district must "use a variety of assessment tools and strategies to gather relevant functional, developmental and academic information." 20 U.S.C. §1414(b)(2)(A). The IDEA further requires that the district ensure that the evaluations being conducted are sufficiently comprehensive to identify all of the student's special education needs, and to ascertain the cognitive, physical, mental, behavioral, and emotional factors that contribute to the suspected disabilities. 20 U.S.C. §1414(b)(2)(A); 8 NYCRR § 200.4(b)(1)(v), (b)(5)(iii), (b)(6)(xi).

The IEP must provide for the use of appropriate special education services to address the child's special education needs, and must establish annual goals and short-term instructional objectives which are related to the child's educational deficits. See R.E, 694 F.3d at 175.  The instruction offered must be "specially designed" to meet a child's "unique needs" through an individualized education program recognizing that "the benefits obtainable by children at one end of the spectrum will differ dramatically from those obtainable by children at the other end, with infinite variations in between. Endrew F. 137 S. Ct. at 996, quoting Rowley, 458 U.S. at 202.

***

The Department of Education introduced documents into evidence, including the June 27, 2019 IEP that the parent is contesting. However, it but did not provide any witnesses to testify at the hearing. I find that the documents, by themselves, do not support a finding that the Department of Education provided the child with a FAPE for the 2018-2019 and 2019-2020 school-years and I conclude that it failed to do so.

B. **Relevant History**

In an IEP dated November 13, 2017, the IEP team, among other things, deferred the child's case to the Community Based Support Team ("CBST") for a placement in a Non-Public School ("NPS") (Parent's Ex. A at 1). When the child had not been offered an NPS placement by May 2018 the parent filed an Impartial Hearing Request on May 24, 2018 alleging that, for numerous reasons, the Department of Education failed to provide the child with a FAPE for the 2016-2017 and 2017-2018 school-years (Case #173490) (Parent's Ex. A at 1). The case went to hearing before Impartial Hearing Officer ("IHO") John Farago, Esq.. IHO Farago issued an uncontested Interim Order on August 30, 2018 granting pendency (Parent's Ex. L). IHO Farago subsequently issued a Decision and Order dated October 16, 2018 (Parent's Ex. K).

The parent appealed IHO Farago's Decision and Order. In a Decision dated January 10, 2019 the State Review Officer ("SRO"), in relevant part, reversed the portion of IHO Farago's Decision that denied without prejudice the parent's request for compensatory education services for the 2016-2017 and 2017-2018 school-years (Parent's Ex. J). The SRO and remanded the case to IHO Farago to make a determination on that issue and to clarify whether the child was entitled to compensatory relief for the pendency services that she was entitled to pursuant to the August 2018 Interim Order but that she did not receive (Parent's Exhibit J at 18-20).

In response to a portion of the SHO's Order, IHO Farago issued an uncontested Order on Pendency dated February 28, 2019 retroactive to May 24, 2018, the date that the original complaint was filed (Parent's Ex. H). IHO Farago stated in that Order that the District is responsible for providing speech/language services five hours per week 1:1, physical therapy three hours per week 1:1, occupational therapy three hours per week1:1, SETSS services 40 hours per week 1:1. The 40 hours of weekly SETSS was to remain in effect until the child was placed in a NPS, after which the SETSS would be reduced to 10 hours per week. IHO Farago noted that while the SETSS hours "may be utilized for ABA services to the degree they are

available and useful, they may alternatively be used for such other 1:1 tutorial instruction as the family and clinicians deem to be of value, at the relevant market rates for those services in that location." To the extent that such services were provided in a location other than the home, IHO Farago ordered that appropriate and safe transportation to and from the services be provided or paid for by the district, pursuant to the student's IEP-mandated entitlement to transportation. All such services were to be provided by the district with the assistance of the parent to identify providers, if applicable, at current market rates sufficient to obtain the mandated services. The Order stated that the District is responsible for calculating any missed classes and providing compensatory make-up classes for those sessions missed (Parent's Ex. H at 3-5). The Order on Pendency was to remain in effect until such time as the matter is finally resolved or the parties agree otherwise, whichever comes first (Parent's Ex. H at 50). See 20 U.S. C. §1415(j); 8 N.Y.C. R.R. §200.5(m).

IHO Farago declined to address the compensatory services cited in the SRO's remand as he maintained that his reasoning for not doing so in the first instance was correct. He stated that he explained his reasoning in an Order of Recusal. On November 12, 2019 I was appointed as Impartial Hearing Officer in that case, #173490. I issued a Decision and Order on August 27, 2020, after the 2019-2020 school-year was completed.

### C. The Parent's Case

The parent was the only witness testify at the hearing.

At the time of the impartial hearing the child was eight years 11 months old. She began receiving special education services at the age of four (TR: 43-44). The parent testified that after the IEP team deferred the case to the CBST in November 2017 for placement in an NPS, no one from the Department of Education communicated her about an NPS or recommended any school placement at all. Rather, the parent stated that she researched schools on the NPS list that she found on Google and researched related service providers the same way. While the parent identified several service providers, the implementation unit did not respond and those providers took other cases because they could not wait for the Department of Education to approve their services (TR: 48, 57, 69-70).

During the 2018-2019 school-year the child did not attend school until May 24, 2019 because the Department of Education failed to place her in an NPS. On that date the child was enrolled at Reece pursuant to a Nickerson-P1 letter ordered by IHO Farago in his August 30,

2018 Interim Order and his October 16, 2018 Decision and Order (TR: 45, 88; Parent's Ex. K at 70, Ex. L at 3). The child lives in Staten Island and Reece is located in East Harlem. The child traveled to school via a private car service funded by the Department of Education with a one-to-one travel aide (TR: 79).

The Department of Education developed an IEP for the child on June 27, 2019 for the 2019-2020 school-year (Parent's Ex. F). The parent claims that she was not told about the IEP meeting and had "no idea' that it was taking place. She stated that she first learned of the IEP in January 2020 (TR: 54-56, 67-68). The Department of Education submitted Meeting Notices dated May 17, 2019, May 29, 2019 and June 14, 2019, with no proof of mailing. The parent testified that she never received those notices (TR: 63-65; DOE Ex. 6, Ex. 7, Ex. 8). The parent stated that she normally communicates with the Department of Education via email and that she was notified about a May 2018 IEP meeting via email. Neither the parent's email address nor home address has changed over the years. The parent has tried to contact the Department of Education by phone but no one ever returned her calls (TR: 65-67). The parent did not recall how she was contacted for an IEP meeting for the 2020-2021 school-year but she did recall communicating with the CSE 9 via email to confirm the time and date of that IEP meeting (TR; 75-76).

The parent did not agree with the June 2019 IEP because she was not included in the IEP meeting and the IEP did not conform to IHO Farago's Order (TR: 68-69).

The child attended Reece for the 2019-2020 school-year and received speech therapy, occupational therapy and physical therapy twice per week each for 30 minutes and counseling once per week, although the services were not provided consistently. The school did not make up services that were missed when the providers were out and the school was not able to provide all of the related services in IHO Farago's Order (TR: 48-49, 70-71).

The child has been at home since the school closed due to Covid-19. During the period of time that the school was closed the child did not receive any instruction because the family does not have internet service. For a brief period of time when the family was able to access the internet, the child was not able to receive instruction remotely as she requires in-person, hand-on instruction to access an education (TR: 44-45).

Before the Covid-9 closure the child made "very minimal" progress. However, the child was four years behind her peers because the services ordered by IHO Farago were not implemented, and so the parent did not believe the progress was adequate (TR: 49-50).

**1) The 2018-2019 School-Year**

The child was at home without an NPS placement from the beginning of the 2018-2019 school-year until May 24, 2019 when she enrolled at Reece. The parent asks for an Order requiring the Department of Education to provide the hours of services specified in IHO Farago's February 28, 2019 Order on Pendency that she did not receive, as well as private transportation to those providers with a one-to-one travel aide (TR: 27-28, 32).

As noted above, IHO Farago's February 2019 Order on Pendency directed that it remain in effect until the issues raised in Case #173490 are resolved or the parties otherwise agree (Parent's Ex. H at 5). Since the parent appealed IHO Farago's Decision and Order in Case #173490, for which the Order on Pendency was issued, and since the case was not completed until I issued my Decision and Order on compensatory services in that case until August 27, 2020, IHO Farago's Order on Pendency, including the compensatory aspect, was in place throughout the 2018-2019 school-year. As such, the Department of Education was required to implement the Order on Pendency and provide compensatory services as per that document (Parent's Ex. H).

Since there is already an Order in place to address the issues the parent is raising for the 2018-2019 school-year there is no remaining issue for me to address at this time.

**A. 2019-2020 School Year**

For the 2019-2020 school-year the parent is asking for compensatory services based on the number of hours of services that the child should have received during that year pursuant to IHO Farago's Order on Pendency, but did not (TR: 23-24).

Pursuant to a Nickerson/P1 letter the child attended Reece for the entire the 2019-2020 school-year up until the school closed due to Covid-19. While the school provided the child with some of the related services in IHO Farago's pendency order, it did not provide all of them. The parent is now asking for an Order directing the Department of Education to provide the child with services to compensate for the difference between the services ordered by IHO Farago and the number of hours of services the child actually received during the 2019-2020 school-year (TR: 23-24; Parent's Ex. A at 3-4).

As explained above, because there was no final Decision and Order in place for case #173490 until August 27, 2020, after the 2019-2020 school-year concluded, IHO Farago's February 2019 Order on Pendency was still in effect still effect during the entire 2019-2020 school-year.  Thus, pursuant to that pendency order the child was entitled to all of the pendency services and to compensatory services for what she did not receive (Parent's Ex. H at 5).

The parent also alleges that the Committee on Special Education held an IEP meeting for the child on in June 2019 without her knowledge or participation, and that the IEP is procedurally and substantively defective. The parent is asking for an Order directing the CSE to hold an IEP meeting and develop a "legally valid IEP with the appropriate level of related services recommended by [the child's] related service providers (Parent's Ex. A at 4).

At this point in time it is not necessary to address the validity of the June 27, 2019 IEP.  As noted above, on August 27, 2020 I issued a Decision and Order in case # 173490 regarding compensatory services for the 2016-1017 and 2017-2018 school-years.  If the parent does not appeal that Decision and Order, the issues raised in the impartial hearing for case # 173490 are resolved and  both my Decision and Order on the issue of compensatory services and IHO Farago's October 16, 2018 Decision and Order on the child's program will be in effect (IHO Ex. K).  Pursuant to IHO Farago's Decision and Order  the CSE will be required to hold a new IEP meeting and implement the program delineated in that Order.   If the parent does appeal my Decision and Order on compensatory services, IHO Farago's Order on Pendency will remain in effect.

The parent's request for an Order directing the CSE to fund an appropriate private school (Parent's Ex. A at 4) is also addressed in both IHO Farago's August 2018 Order on Pendency and in his October 2018 final Decision and Order.  Specifically, IHO Farago directed the Department of Education to provide the parent with a Nickerson/P-1 letter for placement (Parent's Ex. K at 70, Ex. L at 3).

In light of the foregoing I find that there are no remaining issues to be resolved in this case at this time.

ORDER

In light of the above findings of fact, it is hereby Ordered that:

1) Within 10 days of notification from the parent that she is not appealing the August 27, 2020 Decision and Order the CSE is to hold an IEP meeting and develop an IEP commensurate with IHO Farago's Decision and Order dated October 16, 2018 and

2) If the parent notifies the Department of Education that she is appealing the August 27, 2020 Decision and Order, the Department of Education must immediately provide the child with the services specified IHO Farago's February 2019 Order on Pendency, including any compensatory services due pursuant to that Order on Pendency;

3) The Department of Education is responsible for calculating the number of hours of each service provided to the child during the 2018-2019 and 2019-2020 school-years and the number of hours owed as compensation, with the assistance of the parent if appropriate.

Dated: September 13, 2020

*Rona Feinberg*

Rona Feinberg,
Impartial Hearing Officer

## EXHIBITS

DEPARTMENT OF EDUCATION:

| EXHIBIT | DOCUMENT | DATE | PAGES |
|---|---|---|---|
| 1 | Consent for Additional Assessments | 1/23/2019 | 1 |
| 2 | Assistive Technology Evaluation | 2/15/2019 | 8 |
| 3 | Neuropsychological Letter | 3/8/2019 | 7 |
| 4 | Request for Assitive Technology Evaluation | 3/8/2019 | 2 |
| 5 | Prior Written Notice | 3/11/2019 | 2 |
| 6 | Meeting Notice Committee on Special Education | 5/17/2019 | 3 |
| 7 | Meeting Notice Committee on Special Education | 5/29/2019 | 3 |
| 8 | Meeting Notice Committee on Special Education | 6/14/2019 | 3 |
| 9 | Attendance page for IEP on June 27, 2019 | 6/27/2019 | 1 |
| 10 | School Location Letter | 7/5/2019 | 6 |
| 11 | Homeroom Progress Report | 1/2020 | 3 |
| 12 | OT Progress Report | 1/2020 | 3 |
| 13 | PT Progress Report | 1/2020 | 3 |
| 14 | Speech and Language Progress Report | 1/2020 | 4 |
| 15 | Counseling Progress Report | 1/2020 | 1 |

PARENT:

| EXHIBIT | DATE | DOCUMENT | PAGES |
|---|---|---|---|
| A | 3/31/20 | Due Process Complaint | 4 |
| B | Various | Email Correspondence About Additional Lindamood-Bell Hours | 12 |
| C | Jan. 2020 | Educational Progress Report | 3 |
| D | Jan. 2020 | Educational Progress Report | 4 |
| E | 7/5/19 | Prior Written Notice (Notice of Recommendation) | 4 |
| F | 6/27/19 | Individualized Education Program | 24 |
| G | 4/11/19 | Notice of Secured Placement/Response Form | 3 |
| H | 2/28/19 | Pendency Order | 6 |
| I | 2/27/19 | Independent Educational Evaluation Request | 1 |
| J | 1/10/19 | State Review Order | 20 |
| K | 10/16/18 | Findings of Fact and Decision | 75 |
| L | 8/30/18 | Interim Order | 3 |

| | | | |
|---|---|---|---|
| M | 6/7/18 | Pendency Order | 6 |
| N | 5/24/18 | Due Process Complaint | 18 |
| O | 6/29/20 | Affidavit of Dr. David Salsberg | 3 |

HEARING OFFICER:

| EXHIBIT | DOCUMENT | DATE | PAGES |
|---|---|---|---|
| I | Interim Order on Independent Evaluation | 7/22/2020 | 6 |
| II | Department of Education Closing Brief | 8/21/20 | 12 |
| III | Parent's Closing Brief | 7/28/2020 | 8 |

**NOTICE OF RIGHT TO APPEAL**

Within 40 days of the date of this decision, the parent and/or the Public-School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under section 4404 of the Education Law and the Individuals with Disabilities Education Act.

If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.

An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for appeals before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.