**Defendant's Exhibit B**

DECISION AND ORDER

| | |
|---|---|
| Case Number | 173490 |
| Student's Name: | ▓▓▓▓▓▓▓ |
| Date of Birth: | ▓▓▓▓▓▓▓ |
| District: | 17 |
| Hearing Requested By: | Parent |
| Dates of Hearing: | March 3, 2020, June 26, 2020 |
| Hearing Officer: | Rona Feinberg, Esq. |
| Actual Record Close Date: | August 24, 2020 |

## WITNESSES

**March 3, 3030**

| | | |
|---|---|---|
| M'Ral Broodie Smith, Esq. (via telephone) | Attorney | Parent |
| Dennie Byam, Esq. (via telephone) | Attorney | Department of Education |

**June 26, 2020**

| | | |
|---|---|---|
| M'Ral Broodie Smith, Esq. (via telephone) | Attorney | Parent |
| Carsyn Costello (via telephone) | Legal Intern | Parent |
| Dennie Byam, Esq. (via telephone) | Attorney | Department of Education |
| Lisa Vasquez (via telephone) | Mother | |

Hearing Officer's Findings of Fact, Decision and Order

Case No. 173490

## INTRODUCTION

On March 3, 2020 and June 26, 2020 I held an impartial hearing in this case pursuant to the Individuals With Disabilities in Education Act (IDEA), 20 U.S.C. 1415(f)(1) regarding the education program of a school-aged child, ▬▬▬▬▬▬ ("JV"). The March 3, 2020 hearing was held at the Impartial Hearing Office, 131 Livingston Street, Brooklyn, New York. The hearing on June 26, 2020 was held remotely due to the Covid-19 crisis. A list of witnesses testifying and documents received into evidence are attached to this Decision and Order.

## BACKGROUND

JV is nine years-old and on her May 18, 2018 IEP she was classified as having Autism.[1] At the time of the hearing JV was attending The Reece School pursuant to a Nickerson/P-1 Letter.

The parent, by her attorney Elisa Hyman, Esq., filed an Impartial Hearing Request on May 24, 2018 alleging that, for numerous reasons, the Department of Education failed to provide JZ with a Free and Appropriate Education ("FAPE") for the 2016-2017 and 2017-2018 school-years. As a remedy, the parent asked for, among other things, compensatory services for the 2016-2017 and 2017-2018 school-years (Parent's Ex. A). The case went to hearing before Impartial Hearing Officer ("IHO") John Farago, Esq., who issued a Decision and Order dated October 16, 2018 (Parent's Ex. KKK).

The parent appealed IHO Farago's Decision and Order. In a Decision dated January 10, 2019 the State Review Officer ("SRO"), in relevant part, reversed the portion of IHO Farago's Decision that denied without prejudice the parent's request for compensatory education services for the 2016-2017 and 2017-2018 school-years. The SRO and remanded the case to IHO Farago to make a determination on that issue (Parent's Exhibit JJJ at 20).

In response to a portion of the SHO's Order, IHO Farago issued an Order on Pendency dated February 28, 2019 retroactive to May 24, 2018, the date that the original complaint was filed. In that Order he addressed the issue of compensatory entitlement for pendency services (Parent's Ex. III at 4-5). IHO Farago declined to address the compensatory services cited in the SRO's remand

---

[1] The May 18, 2018 IEP is the most recent IEP that was submitted into evidence (Parent's Ex. I).

as he maintained that his reasoning for not doing so in the first instance was correct. He stated that he explained his reasoning in an Order of Recusal (TR: 69; Parent's Ex. III at 3).

I was appointed as Impartial Hearing Officer on November 12, 2019. At that time the parent was represented by M'Ral Broodie-Stewart, Esq., of Staten Island Legal Services. On February 10, 2020 Ms. Broodie-Stewart filed an Amended Complaint incorporating the facts in the original Complaint and adding the 2018-2019 and 2019-2020 school-years. After a hearing on March 3, 2020, Ms. Broodie-Stewart filed a Second Amended Complaint on March 31, 2020 limiting the claims to the entitlement of compensatory services for the 2016-2017 and 2017-2018 school-years as specified in the SRO's Remand order.[2] Specifically, the parent alleged that the Department of Education failed to provide an appropriate program or placement for JV for those two school-years and asked for compensatory services based on the program and services specified in IHO Farago's Decision and Order (TR: 393-396; Parent's Ex. FFF at 3-4, Ex. KKK).

When I was appointed to the case the compliance date was January 14, 2020. I extended the compliance date six times, initially to bring the case up-to-date and to obtain the documents relevant to the remand. After the hearing I extended the compliance date for the receipt of the transcript and time for this hearing officer to review the extensive documentation and transcripts and for the issuance of a Decision and Order.

The extensions were granted after considering the cumulative impact of the factors enumerated in Section 200.5(j)(5)(ii) of the New York State Regulations of the Commissioner of Education ("Commissioner's Regulations") and a determination that there was a compelling reason for each of the extensions as required by Section 200.5(j)(5)(iii) of the Commissioner's Regulations. Specifically, (a) at the time I was appointed as Impartial Hearing Officer the school-years in question were completed. In addition, the child was attending school and receiving services; (b) in accordance with due process the parties were entitled to have this hearing officer conduct a thorough review of the transcripts and evidence submitted at the original hearing as well as the transcripts and documents related to the remand; (c) there were no financial or detrimental consequences likely to be suffered by either party by the delay; and (d) there was no prior delay in adjudicating the issues on remand that impacted on the child's education.

---

[2] The Second Amended Complaint is also dated February 10, 2020. However, it was sent to the Impartial Hearing Office on March 31, 2020 and the Department of Education representative accepted it on April 1, 2020. The parent filed a separate Due Process Complaint for the 2018-2019 and 2019-2020 school-years.

## THE ISSUES REMAINING IN DISPUTE AT THE IMPARTIAL HEARING

The remaining issues in the case are the number and frequency of compensatory services that are appropriate for the child due to the deprivation of FAPE for the 2016-2017 and 2017-2018 school years.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IHO Farago determined in his October 16, 2018 Decision and Order that the Department of Education failed to provide JV with a FAPE for the 2016-2017 and 2017-2018 school-years (Parent's Ex. KKK at 69).

The purpose of this hearing is to determine the appropriate amount of compensatory services that the parent is entitled to for the deprivation of FAPE for the two school-years in question (Parent's Ex. JJJ at 20). The Department of Education attorney, Dennie Byam, Esq., did not dispute that compensatory services are required. However, she asked that the services not be duplicative of any that have been previously provided either pursuant to an IEP or to IHO Farago's Order on Pendency and/or Decision and Order (TR: 422).

Compensatory education is an equitable remedy that is tailored to meet the circumstances of the case. See Wenger v. Canastota, 979 F. Supp. 147 (N.D.N.Y. 1997). Courts have awarded compensatory "additional services" to students who remain eligible to attend school and have been denied appropriate services, if such deprivation of instruction could be remedied through the provision of additional services before the student becomes ineligible for instruction by reason of age or graduation. See Newington, 546 F.3d at 123 (stating "[t]he IDEA allows a hearing officer to fashion an appropriate remedy, and we have held compensatory education is an available option under the Act to make up for denial of a free and appropriate public education"); Student X v. New York City Dept. of Educ., 2008 WL 4890440, at *23 (E.D.N.Y. Oct. 30, 2008) (finding that compensatory education may be awarded to students under the age of twenty-one); Board of Educ. v. Munoz, 16 A.D.3d 1142 (4th Dep't 2005) (finding it proper for a State Review Officer to order a school district to provide "make-up services" to a student upon the school district's failure to provide those educational services to the student during home instruction).

Compensatory education awards can be generally crafted pursuant to two schools of thought: a quantitative approach and a qualitative approach. Under the quantitative approach, courts examine the amount of time during which a child has been deprived of a FAPE, and award compensatory services with an eye towards making up that time. See, e.g., M.C. v. Central

Regional School District, 81 F.3d 389, 297 (3d Cir. 1996) (holding generally that subject to equitable adjustment, the "child is entitled to compensatory education for a period equal to the period of deprivation, excluding only the time reasonably required for the school district to rectify the problem"). Another approach that can be taken is the qualitative approach. Under this approach, the examination should focus on the child's needs; "some students may require only short, intensive compensatory programs targeted at specific problems or deficiencies" while "[o]thers may need extended programs, perhaps even exceeding hour-for-hour replacement of the time spent without FAPE." Reid v. District of Columbia, 401 F.3d 516, 524 (D.C. Cir. 2005). Pursuant to this approach, there must be evidence regarding the child's "specific educational deficits" resulting from the failure to provide FAPE and "specific compensatory measures" designed to correct those deficits. Id. at 526.

I find that quantitative approach is appropriate under the particular circumstances of this case. During the 2016-2017 school-year JV attended kindergarten for a total of only about four and a half months or eight and half months, a span to be determined as per this Decision and Order. For the 2017-2018 school year JV attended school for only two and a half months out of the 12-month program that she was entitled to. Thus, JV was out of school for a minimum of approximately twelve months during her the first two years after her Turning 5 IEP, the equivalent of a full school year for JV. The Department of Education did not provide JV with any education or services during the time she was out of school. The speech/language therapy, occupational therapy and physical therapy that she received during the latter part of the 2017-2018 school-year were provided by Sensory Freeway, an agency that the parent hired, and was paid for by RSAs (TR: 103-105).

Although IHO Farago did not find the issue of compensatory services to be "ripe" for adjudication, the parent is asking for those services to be based on the program that IHO Farago's Decision and Order found to be appropriate for JV (TR: 395-396; Parent's Ex. FFF at 4). I find that the deprivation of FAPE for the 2016-2017 and 2017-2018 school-years, three and four years ago, requires compensation to be put into effect as described below.

### A. 2016-2017 School-Year

JV attended preschool during the 2015-2016 school-year. Her last preschool IEP dated March 4, 2016 mandated 10 hours of individual Special Education Itinerant Teacher ("SEIT") services per week 1:1, 60 minutes of speech/language therapy per week 1:1, 60 minutes of

occupational therapy per week 1:1 and 60 minutes of physical therapy per week 1:1 to be provided during a 12-month school-year (IHO Ex. I at 1, 12).

JV's Turning Five IEP meeting was on April 20, 2016 (Parent's Ex. LLL). That IEP reduced JV's school-year from 12 months to 10 months and recommended a general education class. The IEP team reduced JV's speech/language therapy to once per week for 30 minutes 1:1 and once per week for 30 minutes in a group of three. Occupational Therapy services remained at two times per week for 30 minutes 1:1. The IEP recommended five periods per week of Special Education Teacher Support Services ("SETSS"), two periods for ELA and three periods for Math, each in an unspecified group. The IEP eliminated JV's physical therapy. The IEP team told the parent that it did not want JV to miss additional time in class (TR: 406; Parent's Ex. LLL at 8-9).

The parent testified that the IEP team told her at the meeting that JV would be receiving SETSS instead of SEIT services but that the SETSS would be provided 1:1 as in preschool. The parent stated that she did not receive the IEP until late October 2016 (TR: 406-407).

JV began kindergarten at P. 46 in September 2016. The school did not have full time speech/language therapists or occupational therapists. JV received about ten sessions of speech/language therapy and occupational therapy beginning in October 2016. JV received some SETSS and the parent realized for the first time that the SETSS was in a group, not 1:1 as the IEP team had told her (TR: 406-407).

At the hearing before IHO Farago the parent testified that JV left P. 46 in April 2017 (TR: 96-97) but at the hearing on remand the parent testified that JV stopped attending P. 46 in April 2017 due to a "traumatic incident" (TR: 407-408). The parent requested home instruction and submitted a Medical Request for Home Instruction dated May 5, 2017 (Parent's Ex. V). The parent did not receive a response from either the Office of Home Instruction or the CSE and JV did not receive any instruction or services from the time she stopped attending P. 46 until the end of the 2016-2017 school-year (TR: 97-98, 407-408).

IHO Farago's Decision and Order was issued in October 2018, a year and four months after the conclusion of the 2016-2017 school-year. I find that the most appropriate compensatory services for the 2016-2017 school-year when JV was in kindergarten, are those based on JV's last pre-school uncontested IEP (IHO Ex. I at 1). In making that determination I note that there is no evidence that the parent found the IEP to be inappropriate and no evidence that it did not meet JV's educational needs at the time.

While JV's preschool IEP recommended a 12-month school-year, kindergarten begins for all children in September and thus the summer services for July and August 2016 were part of JV's preschool program (IHO Ex. I). See https://www.schools.nyc.gov/learning/special-education/supports-and-services/extended-school-year-services-for-july-and-august. There is no evidence that JV did not remain in her preschool during that time. Thus, while the compensatory services for 2016-2017 are those that the parent is requesting (Parent's Ex. FFF at 4), the number of compensatory hours is adjusted to cover the applicable period of time beginning in September 2016 for the remaining ten month 2016-2017 school-year. During that period of time I find that JV is entitled to: (1) 400 hours *1:1* SEIT or SETTS;[3] (2) 40 hours of speech/language therapy 1:1; (3) 40 hours of occupational therapy 1:1; and (4) 40 hours of physical therapy 1:1 (IHO Ex. I at 1).

The number of compensatory hours of speech/language therapy shall be reduced by the number of hours of *1:1* speech/language therapy that JV received while attending P. 46, if any. The number of hours of 1:1 occupational therapy shall be reduced by the number of hours of 1:1 occupational therapy that JV received while attending P. 46, if any.

Since JV did not receive any *1:1* SETSS as the April 2016 IEP mandated SETSS in an unspecified group (Parent's Ex. LLL at 8), she is entitled to the full 400 hours of 1:1 SETSS (10 hours x 40 weeks) for the September to June 2016-2017 school-year. The SETSS hours can be used for such 1:1 tutorial instruction as the family and clinicians deem to be of value, including Applied Behavioral Analysis ("ABA"). Since JV did not receive any physical therapy during the entire school-year she is entitled to the full 40 hours of 1:1 physical therapy as compensation (IHO Ex. I at 1).

To implement the speech/language therapy and occupational therapy hours specified above, the Department of Education, with the assistance of the parent, if appropriate, must determine the exact date that JV stopped attending P. 46 for kindergarten. The Department of Education must then calculate the number of hours of *1:1* speech/language therapy and the number of hours of 1:1 occupational therapy that JV received during the 2016-2017 school-year both in school and at home, if any. The number of hours provided shall be deducted from the

---

[3] The parent asked for 520 hours based on a 52-week year. However, since I find that July and August 2017 were covered by preschool and not part of kindergarten, I based the number of hours on the 40-week 10-month school-year (See Parent Ex. FFF at 4).

total number of hours specified above for each of those services, and the remaining number of hours, calculated on a 10-month basis, shall constitute the compensatory related services ordered for the 2016-2017 school-year.  The number of *1:1* hours of speech/language therapy are not to be reduced by any group speech/language therapy that was provided.

### B. 2017-2018 School-Year

JV's May 25, 2017 IEP recommended a 10-month school year for 2017-2018 and an Integrated Co-Teaching ("ICT") class with the related services of speech/language therapy three times per week for 30 minutes 1:1, occupational therapy three times per week for 30 minutes 1:1 and counseling once per week for 30 minutes in a group of two (Parent's Ex. E at 7).

The IEP team told the parent that it could not recommend a placement for the 2017-2018 school-year. The parent researched schools and saw an advertisement for Success Academy, which accepted students by lottery.  As per that 10-month IEP JV did not receive services in July and August of 2017.  JV entered the first grade at Success Academy in September 2017. After a few weeks the school notified the parent that it was placing JV back in kindergarten, as her skills were on a pre-kindergarten level (TR: 97-98, 408-410).  Beginning in mid-October 2017 JV received "some" speech/language therapy, occupational therapy and counseling at the school (TR: 410).

At an IEP meeting on November 13, 2017 the IEP team deferred the case to the Central Based Support Team ("CBST") for referral to a Non-Public School ("NPS").  In addition to deferring the case to the CBST the IEP mandated speech/language therapy five times per week for 30 minutes 1:1, occupational therapy three times per week for 30 minutes 1:1, counseling once per week for 30 minutes in a group of two, and parent counseling and training four times per year for 60 minutes in a group (Parent's Ex. F at 17).

The CSE encouraged the parent to take JV out of Success Academy.  The parent related that the social worker at the IEP meeting told her that the NPS placement process would move more quickly if JV did not return to Success Academy but instead received home instruction or home schooling (TR: 410-411).  The social worker did not explain home instruction and the parent thought an instructor would be coming to her home.  The parent asked for home schooling but she did not understand the difference between home schooling and home instruction, and expected someone to contact her about sending a teacher to her home.   No home instruction was provided. The parent did not learn the difference between home instruction and home schooling until her attorney explained it to her (TR: 100-101, 103, 415).

The parent testified that JV stopped attending Success Academy on November 17, 2017 pending an NPS placement (TR: 100-101, 414). At an IEP meeting held on February 15, 2018 the IEP team specified that the NPS will provide 30 periods of instruction. The team added 10 periods per week of SETSS (ELA and Math) to the November 13, 2017 IEP as well as two 30-minute periods of physical therapy 1:1 (Parent's Ex. B at 18). At that time JV still did not have an NPS placement (TR: 101).

The parent received Related Service Authorizations ("RSAs") while JV was at home. From February 2018 through June 2018 JV received speech/language therapy, occupational therapy and physical therapy at Sensory Freeway (TR: 104-105, 411; Parent's Ex. FF, GG, HH, II, JJ). The child did not receive any counseling after she left Success and the parent did not receive parent training and counseling (TR: 105).

An IEP dated May 18, 2018 added Interim Home Schooling for JV to begin on June 1, 2018 while awaiting an approved NPS day placement, (TR: 105-106; Parent's Ex. I at 13-14).

IHO Farago issued a Decision and Order dated October 16, 2018 (Parent's Ex. KKK). He found that the Department of Education failed to provide JV with a FAPE for the 2016-1017 and 2017-2018 school-years (Parent's Ex. A at 2, Ex. KKK at 69). In relevant part, IHO Farago Ordered that the November 13, 2017 IEP be modified to increase the speech and language services to five hours per week 1:1, the physical therapy services to a total of three hours per week 1:1 and the occupational therapy services to a total of three hours per week 1:1. (Parent's Ex. FFF at 2, Ex. KKK at 69-70).[4]

I find that to compensate for missing approximately nine and a half months of the 2017-2018 12-month school-year (July-August 2017 and mid-November 2017 to June 2018) JV is entitled to 40 hours per week of 1:1 SETSS for July and August 2017 (30 of those hours to replace attendance at an NPS) and 10 hours per week of 1:1 SETTS for each of the 10 weeks that she was at Success Academy from September to mid November 2017. For the time that JV was at home and not attending school, from mid-November to the end of the 2017-2018 school-year, JV is

---

[4] On remand IHO Farago issued an Order on Pendency dated February 28, 2019. The Order was retroactive to May 24, 2018, the date that the Due Process Complaint was filed (Parent's Ex. III). That Order was in response to the SRO's direction to ascertain the measure of unreceived services and thereby the scope of compensatory pendency entitlement (Parent's Ex. JJJ at 18-19, Ex. III). IHO Farago stated that for purposes of pendency the District is responsible for providing speech/language services five hours per week 1:1, physical therapy three hours per week 1:1, occupational therapy three hours per week1:1 and SETSS services 40 hours per week 1:1 (Parent's Ex. III). The Order on Pendency is relevant to this case only from May 24, 2018 to the end of the 2017-2018 school-year.

entitled to a total of 40 hours per week of 1:1 SETTS (30 of those hours to replace attendance at an NPS). For the entire 12-month 2017-2018 school-year JV is entitled to the compensatory related services of speech/language five hours per week 1:1, physical therapy three hours per week 1:1, occupational therapy three hours per week 1:1 and counseling once per week in a group of two if possible, otherwise 1:1. The parent is entitled to four hours of parent training and counseling for that school year (Parent's Ex. F at 17, Ex. B at 18, Ex. KKK at 69-70).

To implement the compensatory services specified above the Department of Education, with the assistance of the parent, if appropriate, must determine the exact date that JV stopped attending Success Academy. The Department of Education must then calculate the number of hours each of *1:1* speech/language therapy, 1:1 occupational therapy, 1:1 physical therapy and counseling that JV received during the 2017-2018 school-year both in school and from Sensory Freeway. The number of hours already provided shall be deducted from the total number of compensatory hours specified for each service, and the remaining number of hours, calculated on a 52 week basis, shall constitute the compensatory services ordered for the 2017-2018 school-year. The number of *1:1* hours of speech/language therapy are not to be reduced by any group speech/language therapy that was provided. For that school-year the parent is entitled to four hours of compensatory parent training and counseling. The compensatory services from May 24, 2018, the date that the impartial hearing request was filed, until the end of the school-year, must be reduced by any compensatory pendency services that were provided pursuant to IHO Farago's Order on Pendency (Parent's Ex. III).

***

The enhanced rates for the compensatory SETSS and related services are to be those set by IHO Farago. Specifically, current market rates sufficient to obtain the mandated services (Parent's Ex. III). The transportation costs delineated by IHO Farago in his Decision and Order are to remain in effect for the compensatory services as well. Specifically, "to the extent that such services are provided in a location other than the home, appropriate and safe transportation to and from the services must be provided or paid for by the district, pursuant to the student's IEP-mandated entitlement to transportation" (Parent's Ex. KKK at 71).

***

ORDER

In light of the above findings of fact, it is hereby Ordered that:

A) Within 30 days of the receipt of this Decision and Order the Department of Education must arrange for compensatory services for the lack of FAPE from September 2016 to June 2017 in the amount of: (1) 400 of 1:1 SEIT or SETTS to be used for 1:1 tutorial instruction as the parent and clinicians deem to be of value, including ABA; (2) 40 hours of physical therapy 1:1; (3) 40 hours per week of speech/language therapy 1:1; and (4) 40 minutes per week of occupational therapy 1:1;

B) To implement the speech/language therapy and occupational therapy hours specified above, the Department of Education, with the assistance of the parent, if appropriate, must determine the exact date that JV stopped attending P. 46 for kindergarten. The Department of Education must then calculate the number of hours of *1:1* speech/language therapy and the number of hours of 1:1 occupational therapy that JV received during the 2016-2017 school-year both in school and at home, if any. The number of hours provided shall be deducted from the total number of hours specified above for each of those services, and the remaining number of hours, calculated on a 10-month basis, shall constitute the compensatory related services ordered for the 2016-2017 school-year. The compensatory entitlement to *1:1* speech/language therapy is *not* to be reduced by any group speech/language therapy that was provided;

C) Within 30 days of the receipt of this Decision and Order the Department of Education must arrange for compensatory services for the lack of FAPE from July 2017 to June 2018 in the amount of: (1) 40 hours per week of 1:1 SETSS for July and August 2017; (2) 10 hours per week of 1:1 SETTS for the weeks that JV was at Success Academy from September to mid November 2017; (3) 40 hours per week of 1:1 SETTS for the time that JV was at home and not attending school, from mid-November to the end of the 2017-2018 school-year;

D) For the entire 2017-2018 school-year JV is entitled to the compensatory related services of: (1) speech/language therapy five hours per week 1:1; (2) physical therapy three hours per week 1:1; (3) occupational therapy three hours per week 1:1; (4) counseling once per week in a group of two for 30 minutes if possible, otherwise 1:1; and (5) four hours of parent training and counseling;

E) To implement the compensatory services specified in (C) and (D) above the

Department of Education, with the assistance of the parent, if appropriate, must determine the exact date that JV stopped attending Success Academy. The Department of Education must then calculate the number of hours each of *1:1* speech/language therapy, 1:1 occupational therapy, 1:1 physical therapy and any counseling that JV received during the 2017-2018 school-year both in school and at home from Sensory Freeway. The number of hours already provided shall be deducted from the total number of compensatory hours specified for each service. The compensatory services from May 24, 2018, the date that the impartial hearing request was filed, until the end of the school-year, must be reduced by any compensatory pendency services that were provided pursuant to IHO Farago's Order on Pendency. The compensatory entitlement to *1:1* speech/language therapy is *not* to be reduced by any group speech/language therapy that was provided;

F)  To the extent that the Department of Education cannot assign providers for the SETSS and related services within 30 days of the receipt of this Decision and Order, providers located by the parent, if they do not accept Related Service Authorizations as payment, are to paid at the current market rates sufficient to obtain the mandated services;

G)  If the Department of Education cannot meet the time frame indicated in (F) above, the SETSS hours may be used for ABA services or any other 1:1 tutorial instruction as the family and clinicians deem to be of value for the student; and

H)  To the extent that such services are provided in a location other than the home, the Department of Education must provide appropriate and safe transportation to and from the services pursuant to the student's IEP-mandated entitlement to transportation.

Dated: August 27, 2020

*Rona Feinberg*

Rona Feinberg,
Impartial Hearing Officer

# EXHIBITS

DEPARTMENT OF EDUCATION:

| Exhibit | Disclosure Description | Date of Evidence | Pages |
|---|---|---|---|
| 1 | Omitted | | |
| 2 | Prior Written Notice | 02/02/18 | 5 |
| 3 | Social History Update | 11/09/17 | 6 |
| 4 | Psychological Evaluation | 03/18/17 | 27 |
| 5 | Omitted | | |
| 6 | Occupational Therapy Progress Report | 06/12/18 | 7 |
| 7 | Counseling Progress Report | 1/09/17 | 3 |
| | | | |

PARENT:

| Ex | Description | Date | Pages |
|---|---|---|---|
| A | Due Process Complaint | 05/24/2018 | 18 |
| B | IEP | 02/15/2018 | 25 |
| C | OT Report | 04/26/2018 | 7 |
| D | Speech-Language Therapy Report | 06/19/2018 | 8 |
| E | IEP | 05/25/2017 | 11 |
| F | IEP | 11/13/2017 | 23 |
| G | OMITTED | | |
| H | IEP Conference Minutes | 02/15/2018 | 2 |
| I | IEP | 05/18/2018 | 18 |
| J | IEP | Undated | 8 |

| K | ASD Program Student Observation Report | 04/05/2017 | 4 |
|---|---|---|---|
| L | Developmental Reevaluation Summary | 04/13/2017 | 3 |
| M | Child Mind Clinical Research Feedback Report | 07/24/2017 | 28 |
| N | Speech-Language Feedback Report | 10/06/2017 | 10 |
| O | Letter from Therapist E. Becker | 07/12/2017 | 1 |
| P | Developmental Testing - Extended | 10/09/2017 | 6 |
| Q | Classroom Observation | 11/09/2017 | 3 |
| R | OT Eval-VMI Test Results | March 2018 | 2 |
| S | Occupational and Physical Therapy Clinical Guide | 05/09/2018 | 2 |
| T | PT Progress Report & BOT2 Test | 05/17/2018[1] | 8 |
| U | Lauren Alpert's Resume | Undated | 2 |
| V | Medical Request for Home Instruction | 05/05/2017 | 1 |
| W | Medical Request from Dr. Pinedo for Home Instruction | Undated | 1 |
| X | Request for Physical Therapy Evaluation | 01/16/2018 | 1 |

| Y | Assessment Planning | 03/03/2017 | 1 |
|---|---|---|---|
| Z | Assessment Planning | 01/23/2018 | 1 |
| AA | SETSS P-3 | 02/15/2018 | 2 |
| BB | SETSS P-3 | 02/26/2018 | 2 |
| CC | Assurance Checklist | 11/13/2017 | 2 |
| DD | SETSS P-3 | 02/15/2018 | 2 |
| EE | Speech Receipt | 02/05/2018 | 1 |
| FF | Invoice/Billing Form for RSA | February 2018 | 4 |
| GG | Invoice/Billing Form for RSA | March 2018 | 5 |
| HH | Invoice/Billing Form for RSA | April 2018 | 5 |
| II | Invoice/Billing Form for RSA | May 2018 | 5 |
| JJ | Invoice/Billing Form for RSA | June 2018 | 4 |
| KK | MTA Bridges and Tunnels - Toll Information | Undated | 5 |
| LL | Directions from Staten Island to Brooklyn | 08/15/2018 | 1 |
| MM | Behavior Intervention Plan | 08/15/2018 | 5 |
| NN | Behavioral and Program Assessment | 08/12/2018 | 15 |
| OO | Functional Behavioral Assessment | 07/09/2018 | 9 |
| PP | Email Requesting Speech Evaluation | 03/09/2017 | 1 |
| QQ | Email Request for RSA | 12/05/2017 | 1 |
| RR | Email Correspondence Between Lisa Vasquez and Arlene Rosenstock | January 2018 | 4 |
| SS | Emails Regarding PT Evaluation | January 2018 - February 2018 | 12 |
| TT | Emails Regarding PT Evaluation Report | February 2018 | 8 |
| UU | Emails Regarding Meeting to Discuss PT Evaluation | February 2018 | 5 |

| VV | Email from Lisa Vasquez | 02/14/2018 | 1 |
|---|---|---|---|
| WW | Emails Regarding IEP Meeting with Attached Enclosures from DOE | 02/15/2018 | 6 |
| XX | Emails Regarding a Reconvene of IEP with OT Report Attachment | March 2018 | 8 |
| YY | Emails Regarding SETTS Services | March 2018 | 4 |
| ZZ | Emails Regarding SETTS Services | April 2018 - May 2018 | 5 |
| AAA | Emails Regarding RSA Request | 05/02/2018 | 3 |
| BBB | Emails Regarding OT Services Request | 05/10/2018 | 1 |
| CCC | Emails Regarding SETTS Services | May 2018 | 2 |
| DDD | Email Regarding Reconvene IEP Meeting | 05/11/2018 | 1 |
| EEE | Emails About Additional Lindamood-Bell Hours | April 2019 - March 2020 | 12 |
| FFF | Amended Complaint | 02/10/2020 | 4 |
| GGG | Math Midyear Progress Report | January 2020 | 3 |
| HHH | ELA Midyear Progress Report | January 2020 | 4 |
| III | Pendency Order | 02/28/2019 | 6 |
| JJJ | State Review Order | 01/10/2019 | 20 |
| KKK | Findings of Fact and Decision | 10/16/2018 | 75 |
| LLL | IEP | 04/20/2016 | 16 |

HEARING OFFICER:

Exhibit I                                   Preschool IEP dated March, 3, 2017, 15 pages

**NOTICE OF RIGHT TO APPEAL**
    Within 40 days of the date of this decision, the parent and/or the Public-School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under section 4404 of the Education Law and the Individuals with Disabilities Education Act.
    If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.
    An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for appeals before an SRO

are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.