UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LISA VASQUEZ, on behalf of herself and her
infant Daughter, J.V.,

                       *Plaintiffs*,     :       22-cv-03360-PAC

        *- against -*     :

                                 **OPINION & ORDER**

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                      *Defendant.*    :
-------------------------------------------------------------X

    Defendant New York City Department of Education moves to dismiss the Amended Complaint of Plaintiff Lisa Vasquez and her infant daughter, J.V.  Plaintiff seeks monetary damages, alleging a deprivation of J.V.'s rights under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400 *et seq.*, and New York Education Law Article 89, pursuant to 42 U.S.C. § 1983 ("Count I"); discrimination against J.V. in violation of Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 ("Count II"); and a retaliation claim under Section 504, pursuant to 42 U.S.C. § 1983 ("Count III").  Plaintiff seeks to bring each claim for the 2019-2020, 2020-2021, and 2021-2022 school years.  Pending before the Court is Defendant's motion to dismiss.  For the reasons stated below, Defendant's motion is **GRANTED.**

## BACKGROUND

    The following allegations are taken from the Amended Complaint and administrative orders referenced therein.[1]  *See* Am. Compl., ECF No., 16; Def.'s MoL Exs. A, B, ECF No. 24.

---

[1] "[D]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Roth v. Jennings*, 489 F.3d 499, 509 (2d. Cir. 2007). As the Amended Complaint incorporates by reference the administrative orders associated with

J.V. is an eleven-year-old child with a speech and language impairment who lives with Plaintiff and J.V.'s sibling, J.V.2 in Staten Island. Am. Compl. ¶¶ 6, 7, 39, ECF No. 16. J.V. received an Individualized Education Program ("IEP") on November 13, 2017, that, among other things, referred J.V. for placement in a Non-Public School ("NPS"). *Id.* ¶ 7. When an NPS placement was not forthcoming, Plaintiff requested an impartial hearing, alleging that the Defendant failed to provide J.V. with a free appropriate public education ("FAPE") for the 2016-2017 and 2017-2018 school years. *Id.* ¶ 8.

In two orders from August and October 2018 ("August 2018 Order" and "October 2018 Order", respectively), an Impartial Hearing Officer ("IHO") awarded J.V. various special education services and tutoring, among other relief. *Id.* ¶ 9. After Plaintiff appealed, the IHO issued an uncontested Order on Pendency dated February 28, 2019, awarding compensatory services retroactive to May 24, 2018, that remained in effect until the case closed on August 27, 2020. *Id.* ¶ 10; Def.'s MoL, Ex. A at 5, 8.

J.V. received no placement or services until May 2019, when Plaintiff had "no other option" but to enroll her at the Reece school ("Reece"), a non-public placement. Am. Compl. ¶ 11. J.V., however, was "attacked by other students daily verbally, physically and sexually" and received "only a fraction of the services" she was entitled to under the prior administrative orders. *Id.* ¶¶ 11, 13. When Plaintiff requested the staff at Reece intervene, "Reece kicked J.V. out of school in March 2020." *Id.* ¶ 12. Defendant "did nothing" in response to Plaintiff's request for a

---

Case Nos. 173490 and 193432, *see, e.g.*, Am. Compl. ¶¶ 8, 13, ECF No. 16, the Court may properly consider facts contained in them as true. *See L.B. and T.B., Plaintiffs, v. New York City Dep't of Educ.*, 21-CV-6626 (VEC), 2023 WL 1779550, at *1 n.3 (S.D.N.Y. Feb. 6, 2023).

new placement for J.V.  *Id.* ¶ 15.  J.V. then had no placement from March 2020 through August 2020.  *Id.* ¶12.[2]

On April 1, 2020, Plaintiff filed another Impartial Hearing Request, asking that Defendant comply with the prior IHO orders and provide J.V. with compensatory services for her missed hours.  *Id.* ¶ 13.  Meanwhile, in May 2020, Plaintiff—without assistance from Defendant— identified Leap/Dyslexia Associates ("Leap") as a potential partial service provider.  *Id.* ¶ 16.  In August 2020, J.V. attended Leap, but only received "4 hours per week" of services.  *Id.* ¶ 17. Plaintiff "asked Defendant to facilitate [the Leap] enrollment, but Defendant ignored her requests and again, offered no assistance."  *Id.* ¶ 16.

In a Findings of Fact and Decision and Order dated August 27, 2020, ("August 2020 Order") the IHO found that, *inter alia*, J.V. was entitled to compensatory services pursuant to the 2018 Orders.  Def.'s MoL Ex B at 11–12.  Approximately three weeks later, ("September 2020 Order"), the IHO further directed that, if Plaintiff did not appeal the August 2020 Order, the Defendant was required to "hold an IEP meeting and develop an IEP commensurate with [the October 2018 order]" and provide J.V. with the appropriate amount of compensatory service hours. Def. MoL Ex. A at 10.  The record does not reflect whether Plaintiff appealed the decision.

In spring 2020, an unnamed member of the Committee of Special Education ("CSE") filed a "false complaint" with the New York City Administration for Children's Services ("ACS")

---

[2] This conflicts with the administrative record.  Neither 2020 IHO order—issued after hearings at which Plaintiff was present, with counsel—refer to J.V. being kicked out of Reece.  Specifically, the September 2020 Order describes J.V. as "attending The Reece School" in July 2020 "for the 2019-2020 school year" and notes that the June 15, 2020, compliance date was extended three times because "the child was attending school and receiving services."  Def.'s MoL Ex. A, at 2, 3, 7.  The August 2020 Order describes J.V. as "attending The Reece School" in March and June of 2020.  *Id.* Ex. B, at 2.  The September 2020 Order also notes that J.V. "attended Reece for the entire [] 2019-2020 school-year up until the school closed due to Covid-19" at some unspecified date.  *Id.* Ex. A at 8.

against Plaintiff. *Id.* ¶ 28. The CSE member falsely alleged that Plaintiff "engaged in educational neglect by refusing to send J.V. to school and refusing to allow special education and related services to J.V., and that [Plaintiff] committed other acts that required ACS intervention." *Id.* ¶ 29. Plaintiff alleges that the Defendant filed the false complaint to retaliate against Plaintiff for her attempts to get J.V. educational services and that it sought to have ACS remove J.V. from her custody to ensure that she could no longer enforce J.V.'s rights. *Id.* ¶ 34. ACS closed its investigation in June 2021 "when it became clear that the allegations against [Plaintiff] had no basis." *Id.* ¶ 36.

J.V. continued to receive some services at Leap throughout 2020-2021 and 2021-2022. *Id.* ¶¶ 18–19. During this time, Plaintiff remained "in constant contact with Defendant" and requested "Defendant abide by the impartial hearing orders previously issued and provide J.V. with a special education placement and all the services she was entitled to receive." *Id.* ¶ 18. Defendant, however, has "done nothing . . . not one placement, not any services provider, not a single offer of an option for special education or services."

On April 25, 2022, Plaintiff commenced this action and on September 16, 2022, filed an Amended Complaint. *See* ECF Nos. 1, 16. On November 23, 2022, Defendant filed a motion to dismiss the Amended Complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 23. After the matter was fully briefed and while the instant motion was pending, the Court granted in part and denied in part Plaintiff's emergency request to prospectively fund J.V.'s placement, related services, and transportation costs. *See* Order, ECF No. 42.

## DISCUSSION

### I.   Standard for Motion to Dismiss under 12(b)(1)

Defendant moves to dismiss Plaintiff's claims relating to the 2020-2021 and 2021-2022 school years pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging that the Court lacks subject-matter jurisdiction over the claims.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* In reviewing a Rule 12(b)(1) motion to dismiss, the court "must accept as true all material factual allegations in the complaint, but [may] not draw inferences from the complaint favorable to plaintiff[ ]." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, in resolving a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), a district court may consider "evidentiary matter . . . presented by affidavit or otherwise." *Kanmen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir 1986).

### II.   Exhaustion of Administrative Remedies under the IDEA

Defendant moves to dismiss all three of Plaintiff's claims for the 2020-2021 and 2021-2022 academic years for failure to exhaust.

The IDEA provides that, to receive federal funding, states must provide qualified children with disabilities a FAPE in the least restrictive approximate environment. *See* 20 U.S.C. §§ 1400(d)(1)(A), 1411(a)(1), 1412(a)(5)(A). Both educators and parents of a child covered by the IDEA must jointly develop an IEP for each year of the child's education. *See Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 482 (2d Cir. 2002). Before bringing

a civil action in federal court, a party must exhaust available administrative remedies, including filing an administrative complaint challenging a child's educational placement or provision of a FAPE and holding an impartial due process hearing. *See* 20 U.S.C. §§ 1415(i)(2)(A), (f), (g). New York has a two-tiered system of review, where a hearing is first conducted by a local educational agency through an IHO; the aggrieved party may then appeal the IHO's decision to the State Review Office ("SRO"). *Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 379–80 (2d Cir. 2003) (citing 20 U.S.C. § 1415 (g); N.Y. Educ. Law § 4404(1), (2)).

"The exhaustion requirement applies to all suits that 'seek relief for the denial of a FAPE,' regardless of whether the suit was brought under the IDEA or 'similar laws,' including . . . the Rehabilitation Act and 42 U.S.C. § 1983." *Martinez v. N.Y.C. Dep't of Educ.*, No. 17-CV-3512 (NGG) (CLP), 2018 WL 4054872, at *4 (E.D.N.Y. Aug. 24, 2018) (quoting *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 165 (2017)); *Schneider v. Mahopac Cent. Sch. Dist./Bd. of Educ.*, 21-2201, 2022 WL 1316211 at *2–3 (2d Cir. May 3, 2022). A failure to exhaust deprives a federal court of subject-matter jurisdiction over the relevant claims. *See K.M. v. Adams*, No. 20-4128, 2022 WL 4352040 at *3 (2d Cir. Aug. 31, 2022).

The parties do not dispute that J.V. is properly qualified under the IDEA and Section 504 or that Plaintiff's claims require exhaustion. Rather, Plaintiff alleges that she has adequately exhausted her claims or, in the alternative, that it would have been futile to do so. The parties agree that Plaintiff met the exhaustion requirement for the 2019-2020 school year; the Court thus considers exhaustion for the 2020-2021 and 2021-2022 school years only.

*a.  Administrative Exhaustion*

Plaintiff alleges that, pursuant to the relief ordered in the 2020 Orders, she adequately exhausted her claims because these orders required Defendant to provide J.V. with compensatory services. *See* Def.'s MoL Exs. A, B.

The Amended Complaint, however, specifically requests monetary relief for denial of "special education and related services" that Defendant was required to provide as part of "an appropriate and free public education" in the 2020-2021 and 2021-2022 school years for each Count. *See* Am. Compl. ¶¶ 44–45, 56–59, 65–66. Neither Order found Defendant denied J.V. a FAPE during the 2020-2021 and 2021-2022 school years, nor could they have, given these school years had not yet happened. Even though Plaintiff raised "claims relating to a particular school year in administrative proceedings, that does not excuse [her] failure to exhaust other claims" that she later tries "to bring directly in federal court" for other academic years. *See Piazza v. Florida Union Free Sch. Dist.*, 777 F.Supp.2d 669, 680–81 (S.D.N.Y. 2011) (collecting cases). As Plaintiff has no administrative adjudication regarding the Defendant's denial of a FAPE during the relevant academic years, she has not adequately exhausted her claims.

*b.  Exceptions to Administrative Exhaustion*

Nevertheless, the "exhaustion requirement is 'not an inflexible rule.' Rather, Congress specified that exhaustion is not necessary if (1) it would be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies." *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199–200 (2d Cir. 2002) (quoting *Mrs. W. v. Tirozzi*, 832 F.2d 748, 755 (2d Cir. 1987)).

Plaintiff seeks to avoid exhaustion and must prove an exception's applicability. *See Polera*, 288 F.3d at 488, n.8.

Exhaustion can be futile when "adequate remedies are not reasonably available or . . . the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process." *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 205 (2d Cir. 2007) (internal quotation marks and citations omitted). Plaintiff cites *A. ex rel A. v. Hartford Bd. of Educ.*, 976 F.Supp.2d 164, 184 (D. Conn. 2013) for the broad proposition that exhaustion is futile when a Defendant has ignored previous administrative orders. However, the court in *A.* found it "highly plausible that further administrative review would not further any of the goals identified by the Second Circuit over the past several decades," including allowing for "the exercise of discretion and education expertise by state and local agencies, afford[ing] full exploration of technical educational issues, [and] further[ing] development of a complete factual record." *Id.* at 183–84 (cleaned up).

Plaintiff's dispute over Defendant's *enforcement* of past orders does nothing to dispel the utility the administrative process serves here in the first instance. As years have passed since J.V.'s last undisputed IEP, administrative review would further exactly those goals outlined by the Second Circuit. *See T.K. v. N.Y.C. Dep't of Educ.*, 810 F.3d 869, 875 (2d Cir. 2016) ("The 'centerpiece' of the IDEA and its principal mechanism for achieving this goal is the IEP."). And while delays in rendering expeditious decisions may sometimes make exhaustion futile, *see Z.Q. v. N.Y.C. Dep't of Educ.*, 22-939-cv, 2023 WL 1486387 (2d Cir. Feb. 3, 2023), Plaintiff alleges no such adjudication delays here. "Allowing a parent to avoid the administrative process entirely by simply alleging that the system is broken would essentially eviscerate the exhaustion requirement."

*L.B. and T.B., Plaintiffs v. N.Y.C. Dep't of Educ.*, 21-CV-6626 (VEC), 2023 WL 1779550 at *6 (S.D.N.Y. Feb. 6, 2023).

Plaintiff fails to demonstrate the second and third exception as well. The Amended Complaint is limited to Plaintiff's isolated experiences over three years ago. *See F.C. v. N.Y.C. Dep't of Educ.*, 15 Civ. 6045 (PAE), 2016 WL 8716232 at *8 (S.D.N.Y. Aug. 5, 2016) (considering whether plaintiff "plausibly pled *systemic* practices, as opposed to violations particular to [the child]"). Plaintiff instead requests in her opposition that the Court take judicial notice of the proceedings in *L.V. v. New York City Department of Education*, 03 Civ 9117 (LAP), as evidence of the Defendant's systemic failure to comply with IHO orders. The Court may not "take judicial notice of a document filed in another court . . . for the truth of the matters asserted." *K.M.* 2022 WL 4352040 at *2 (finding plaintiffs did not demonstrate systemic failure for futility by citing to separate case containing more specific allegations). Further, "[i]t is well-settled that a plaintiff 'cannot amend [her] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss.'" *Peacock v. Suffolk Bus Corp.*, 100 F.Supp.3d 225, 231 (E.D.N.Y. 2015) (quoting *K.D. v. White Plains Sch. Dist.*, 921 F.Supp.2d 197, 209 n.8) (S.D.N.Y. 2013)). The Amended Complaint does not contain facts relating the *L.V.* litigation and therefore cannot be raised for the first time now. The Court lacks subject-matter jurisdiction over all three counts alleged by the Plaintiff for the school years 2020-2021 and 2021-2022 and Defendant's Motion to Dismiss is **GRANTED** as it relates to these claims.

## III.   Standard Under Motion to Dismiss Under 12(b)(6)

Defendant moves to dismiss all three counts for the 2019-2020 school year pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The plaintiff's factual allegations must "raise a right to relief above the speculative level" to cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.   "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.   Although the Court must accept the plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A. *Count One: Deprivation of J.V.'s Rights Pursuant to 42 U.S.C. § 1983*

Plaintiff first asserts that Defendant, pursuant to a custom and practice, deprived J.V. of special education and related services in violation of the IDEA and N.Y. Education Law Article 89, for the 2019-2020 school year, pursuant to 42 U.S.C. § 1983.   Am. Compl. ¶¶ 43, 46.   "A governmental entity like the Department of Education is subject to municipal liability under § 1983 if Plaintiffs show an injury to a constitutionally protected right that was caused by a policy or custom of the municipality or by a municipal official responsible for establishing final policy." *J.L. ex rel J.P. v. N.Y.C. Dep't of Educ.*, 324 F.Supp.3d 455, 469 (S.D.N.Y. 2018) (cleaned up).

While there are several ways to establish a policy or custom, Plaintiff relies on the accepted theory that an official policy or custom can exist when "a practice [is] so consistent and widespread that, although not expressly authorized, [it] constitutes a custom or usage of which a supervising policy-maker must have been aware." *Brandon v. City of New York*, 705 F.Supp.2d 261, 267–77 (S.D.N.Y. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)).   "[T]he mere assertion . . . that a municipality has a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Phillips v. City*

*of Middletown*, No. 17-CV-5307 (CS), 2018 WL 4572971 at *9 (S.D.N.Y. Sept. 24, 2018) (quoting

*Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)).

Plaintiff offers J.V.'s multiple unenforced administrative orders as evidence of an unlawful

custom and practice of denying students FAPEs and refusing to comply with administrative orders.

*See* Pl.'s Opp'n at 9.   Courts within the Second Circuit have allowed a *Monell* claim to survive

where a "Plaintiff alleged only a few examples of similar misconduct."    *DiPippo v. Cnty of*

*Putnam*, 17-cv-7948, 2019 WL 1004152 at *10 (S.D.N.Y. Feb. 28, 2019) (collecting cases).

However, a *Monell* claim based on a widespread custom or policy "must be context-specific and

cannot be reduced to an overly simplistic analysis of the number of instances alleged. Rather it

must be based on the number of instances alleged *relative to the size*" of the department. *Id.* at *9

(emphasis in original).  J.V.'s experience alone, while repeated, cannot be said to be indicative of

a widespread policy or custom of the entirety of New York City's special education system.

Plaintiff also again requests that the Court take judicial notice of the *L.V.* proceedings; the

Court again declines, for the reasons stated above.  *See Peacock*, 100 F.Supp.3d at 231; *see also*

*Buari v. City of New York*, 530 F.Supp.3d 356, 399 (S.D.N.Y. 2021) (finding plaintiff could only

rely on other complaints to allege *Monell* liability when they "involve factually similar

misconduct, [are] contemporaneous to the misconduct at issue in the plaintiff's case, and result in

an adjudication of liability").  Because the Court finds the Amended Complaint fails to state a

claim, it declines to address whether monetary damages are available under Plaintiff's Section

1983 claim.  Count One is therefore dismissed.[3]

---

[3] Although neither party explicitly addresses it, Plaintiff's claim alleging violation of New York
Education Law Article 89, brought pursuant to 42 U.S.C. § 1983, is also dismissed.  "[A]
violation of state law is not cognizable under § 1983." *Pollnow v. Glennon*, 757 F.2d 496, 501
(2d Cir. 1985).

### B. *Count Two: Discrimination Against J.V. in Violation of Section 504 of the Rehabilitation Act*

Plaintiff next asserts discrimination against J.V. in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Section 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). A prima facie violation of Section 504 requires facts sufficient to establish that "(1) plaintiff is a 'qualified individual with a disability;' (2) plaintiff was 'excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by [the] public entity;' and (3) such exclusion or discrimination was due to [plaintiff's] disability.'" *B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 158 (2d Cir. 2016) (quoting *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009)).

"IDEA and Section 504 are complementary, but they address different injuries and thus require different proof. Specifically, Section 504 offers relief from discrimination, whereas IDEA offers relief from inappropriate educational placement, regardless of discrimination." *Gabel ex rel. L.G. v. Bd. of Educ. of Hyde Park Cent. Sch. Dist.*, 368 F. Supp. 2d 313, 333 (S.D.N.Y. 2005). Therefore, "a Section 504 claim predicated on allegations of denial of a FAPE to a disabled student requires proof of 'bad faith or gross misjudgment.'" *VW v. N.Y.C. Dep't of Educ.*, 21 Civ. 6317 (AT) 2022 WL 3448096, at *8 (S.D.N.Y. Aug. 17, 2022) (quoting *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 841 (2d Cir. 2014) (citations omitted)).

Plaintiff fails to adequately allege that the Defendant discriminated in bad faith or gross misjudgment against J.V. by denying her a FAPE. The parties—supported by the uncontested 2020 Orders—agree that J.V. was denied a FAPE during the 2019-2020 school year. *See* Def. MoL at Ex. A at 5. However, even concluding that "the District had violated the IDEA, such a

violation, without more would be insufficient to support a claim of disability-based discrimination under . . . Section 504 of the Rehabilitation Act." *French v. N.Y. State Dep't of Educ.*, 476 F'Appx. 468, 472–73 (2d Cir. 2011).

The Amended Complaint fails to plead facts that "the alleged discrimination is anything more than a rehashing of her allegation that the defendants failed to provide [J.V.] with a FAPE." *T.J. ex rel B.W. v. Bd. of Educ. of Mt. Vernon City Sch. Dist.*, 2019 WL 13170168 at *15 (S.D.N.Y. Sept. 30, 2019). Instead, the Amended Complaint repeatedly characterizes the Defendant's actions as "in bad faith", "intentionally", and "deliberately," without any facts that would allow the Court to draw even a reasonable conclusion that the Defendant acted as such. *See, e.g.*, Am. Compl. ¶¶ 24–26. Merely alleging that the Defendant acted "deliberately" in denying services does not mean, without more, that the Defendant violated Section 504. *C.L*, 744 F.3d at 841.[4] Plaintiff in her opposition once more relies on the *L.V.* proceedings to allege that the Defendant engaged in a policy or custom of intentionally discriminating against disabled students by refusing to comply with administrative orders. Facts not pled in the Amended Complaint are not properly before the Court for this motion. *See Peacock*, 100 F.Supp.3d at 231.

Finally, Plaintiff asks that the Court infer bad faith and gross misjudgment to support Section 504 discrimination because the Defendant "in bad faith, intentionally and deliberately" retaliated against her to disincentive her from pursuing J.V.'s right to a FAPE. *See* Am. Compl. ¶¶ 24–27. Putting aside the conclusory nature of these allegations, retaliation is a cognizable claim

---

[4] The Court separately notes that the administrative record directly contradicts that the Defendant did not offer J.V. a placement or that J.V. was kicked out of or otherwise stopped attending Reece in March 2020 and therefore excluded from services. *See* Def.'s MoL Ex. A at 2, 3, 7, 8, Ex. B. at 2. While the Court need not feel constrained to accept as true facts "contradicted . . . by documents upon which its pleadings rely," *In re Livent, Inc. v. Noteholders Sec. Lit.*, 151 F.Supp.2d 371, 405–06 (S.D.N.Y. 2001), it does so here solely for the purposes of concluding that the Amended Complaint, even as pled, fails to state a claim.

under Section 504, separate and distinct from Section 504 discrimination. *See Weixel v. Bd. of Educ.*, 287 F.3d 138, 148–49 (2d Cir. 2002). "The elements of a retaliation claim under [] Section 504 . . . are (i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Id.* at 148 (cleaned up).

At the very least, Plaintiff fails to allege any causal connection between the Defendant's alleged adverse actions and her advocacy. To the extent she attempts to rely on temporal proximity between her advocacy and ACS's complaint, *see Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002), the Court is not persuaded. According to Plaintiff, she repeatedly advocated on J.V.'s behalf over the span of five years without any retaliation. Plaintiff "offers no facts to show why [Defendant] would retaliate in this way at this specific time. Without more allegation of a causal connection, Plaintiff fails to sufficiently plead her retaliation claims." *Vinulan v. Ardsley Union Free Sch. Dist.*, 19-cv-10674 (NSR), 2021 WL 1063482 at *10 (S.D.N.Y. Mar. 18, 2021).

### C. Count Three: Deprivation of Plaintiff's Rights Pursuant to 42 U.S.C. § 1983

Plaintiff alleges in Count Three that Defendant "deprived [Plaintiff] of her right to stop Defendant from violating Section 504" through Defendant's discrimination against J.V by excluding her from and depriving her of special education and related services. Am. Compl. ¶ 64. Plaintiff also alleges that Defendant "retaliated against [Plaintiff] for standing up for her daughter's rights" to a "free and appropriate education." *Id.* ¶¶ 27, 69. The parties construe this as Plaintiff asserting a retaliation claim under Section 504 pursuant to 42 U.S.C. § 1983 so the Court likewise does the same.

Even assuming Plaintiff can properly bring a Section 1983 claim for Section 504 retaliation against a municipal defendant, *see Rutherford v. Fl. Union Free Sch. Dist.*, No. 16-CV-9788 (KMK), 2019 WL 1437923 at *38–39 (S.D.N.Y. March 29, 2019); *Costabile v. N.Y.C. Health and Hospitals Corp.*, 951 F.3d 77, 83 (2d Cir. 2020), the Amended Complaint fails to state a claim. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." *New York Magazine v. Metropolitan Transp. Auth.*, 136 F.3d 123, 127–28 (2d Cir. 1998) (quotation marks and citation omitted). As discussed above, Plaintiff has not adequately alleged Section 504 retaliation and Count Three therefore must be dismissed. *See Hill v. City of New York*, 45 F.3d 653, 664 (2d Cir. 1995).

## IV.   <u>Leave to Amend</u>

Defendant asks that the Amended Complaint be dismissed, with prejudice, because Plaintiff was "on notice" of the claims and deficiencies Defendant intended to raise. Leave to amend, however, "shall be freely given when justice so requires," and shall be given here. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)(2)). Counts One, Two, and Three regarding the 2020-2021 and 2021-2022 school year are dismissed without prejudice to Plaintiff's ability to later have the Court assume jurisdiction over them upon a proper showing of futility or exhaustion. *See F.C. v. New York City Dep't of Educ.*, 2016 WL 8716232 (S.D.N.Y. Aug. 5, 2016). Counts One, Two, and Three for 2019-2020 school year will also be dismissed without prejudice.

However, because Plaintiff cannot recover under Section 1983 for a violation of New York Education Law Article 89 as a matter of law, Count One brought pursuant to Article 89 for the 2019-2020 school year is dismissed with prejudice.  *See King v. World Health Org.*, 532 F.Supp.3d 141, 154 (S.D.N.Y. 2021) (dismissing claim with prejudice when pleading incurable flaw caused by cause of action's substantive defaults).  Count Two as it seeks to recover emotional distress damages is also dismissed with prejudice for the 2019-2020 school year.  *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022).

## CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant's motion to dismiss the Amended Complaint.  Plaintiff may file a second amended complaint within 21 days from the filing of this Opinion and Order.  The Clerk of Court is respectfully directed to close the motion at ECF No. 23.

Dated: New York, New York
     February 1ẞ, 2023

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge

16