UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2026

-----------------------------------------------------------X
LISA VASQUEZ, *on behalf of herself and her infant Daughter, J.V.*,

Plaintiff,

-against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.
-----------------------------------------------------------X

22-CV-3360 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

In April 2022, Plaintiff Lisa Vasquez ("Plaintiff" or "Vasquez") sued the New York City Department of Education ("DOE"), individually and on behalf of her daughter J.V., for monetary damages for the denial of a free, appropriate public education ("FAPE") for three school years spanning from 2019 through 2022. Compl., Dkt 5. After several amendments, she now claims a deprivation of her and J.V.'s rights as well as discrimination against J.V. *See* Second Am. Compl., Dkt. 52 ("SAC") at ¶¶ 137–70.

DOE has moved for summary judgment pursuant to FED. R. CIV. P. 56. Not. of Def.'s Mot. for Summ. J., Dkt. 115; Def.'s Mem. of Law in Supp. of Mot. for Summ. J., Dkt. 116 ("Def.'s Mem."). Plaintiff opposed Defendant's Motion. Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J., Dkt. 119 ("Pl.'s Mem."). For the following reasons, Defendant's Motion for Summary Judgment is GRANTED.

## FACTUAL BACKGROUND

J.V. has a speech and language impairment and is on the autism spectrum. SAC at ¶¶ 2, 12. On May 24, 2018, Plaintiff filed an Impartial Hearing Request alleging that DOE had failed

to provide J.V. with a FAPE for the 2016–2017 and 2017–2018 school years. Pl. Reply 56.1 Stmt., Dkt. 119-1 at ¶ 3; SAC at ¶¶ 17–18. That resulted in the Impartial Hearing Officer ("IHO") ordering DOE to provide additional services to J.V. IHO Decision Case No. 173490, Dkt. 24-2. On April 1, 2020, Plaintiff filed a second Impartial Hearing Request, requesting relief for the 2018–2019 and 2019–2020 school years. SAC at ¶¶ 55–56. That resulted in another administrative order requiring DOE to provide additional services to J.V. IHO Decision Case No. 193432, Dkt. 24-1. As a class member of the *L.V. v. N.Y.C. Dep't of Educ.* litigation, 03-CV-9917 (LAP) (KNF) (S.D.N.Y.), Plaintiff subsequently received notices that some part of the relief ordered by the IHOs was not implemented within (at least) the first thirty-five days following the orders. Pl. Reply 56.1 Stmt., Dkt. 119-1 at ¶ 25; SAC at ¶¶ 93–105; *see* Decl. of Shayna M. Berger, Ex. I, Dkt. 120-9.

J.V. attended the Reece School during the 2019–2020 school year.[1] Pl. Reply 56.1 Stmt., Dkt. 119-1 at ¶¶ 11–12. During the 2020–2021 and 2021–2022 school years, J.V. did not have a formal school placement but she received some services from Leap/Dyslexia Associates,[2] SAC at ¶¶ 61–66, and was enrolled at Our Lady of Peace in 2022, Pl. Reply 56.1 Stmt., Dkt. 119-1 at ¶ 22.

In May 2022 (about a month after Plaintiff filed the above-captioned case), the Administration for Children's Services ("ACS") commenced an investigation based on a report made to the State Central Registry ("SCR") that Plaintiff's children were "enduring emotional and psychological abuse" with some suggestion of educational neglect. *See* Pl. Reply 56.1 Stmt., Dkt. 119-1 at ¶ 29; Decl. of Shayna M. Berger, Ex. M, Dkt. 120-13 at 2. In July 2022, the ACS

---

[1] Reece refused to allow J.V. to re-enroll during the 2020–2021 school year. SAC at ¶ 43.

[2] Leap refused to allow J.V. to re-enroll for services during the 2022–2023 school year. SAC at ¶ 65.

investigation was closed without a finding of wrongdoing; the notes reflect that there was "no fair preponderance of the evidence to support the reported concerns." Decl. of Shayna M. Berger, Ex. M, Dkt. 120-13 at 51.

J.V., as of the time of briefing, still had a substantial number of compensatory education hours available. Pl. Reply 56.1 Stmt., Dkt. 119-1 at ¶ 32.[3] In accordance with the orders of the IHOs, J.V. is entitled to receive services including special education teacher support; speech, occupational, and physical therapy, and applied behavior analysis; more than fourteen agencies have been approved to provide such services. *Id.* at ¶¶ 13–15, 20–21, 31.

## PROCEDURAL BACKGROUND[4]

This case was brought pursuant to 42 U.S.C. § 1983 claiming that Plaintiff has been denied rights granted under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*., and under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

Defendant's motion to dismiss the SAC was granted in part and denied in part. Opinion & Order, Dkt. 71. Judge Preska, the then-assigned judge, permitted three claims to proceed: (1) a claim that DOE violated the IDEA and denied J.V. a FAPE by failing to implement the orders of IHOs; (2) a claim that DOE violated Section 504 of the Rehabilitation Act by denying J.V. participation in and the benefits of services, programs, and activities; and (3) a claim that

[3] Plaintiff's response to Defendant's 56.1 Statement of Undisputed Fact may contain a typographical error. Defendant's statement of fact is: "Plaintiff J.V. has a substantial amount of compensatory education hours available for use which per the terms of the order do not have an expiration date." As written, Plaintiff's response states: "Admit that there are substantial hours *not* provided. Deny that these hours can be utilized without further relief from the Court." Pl. Reply 56.1 Stmt., Dkt. 119-1 at ¶ 32 Resp. (emphasis added). In context, it appears that Plaintiff may have inadvertently inserted the word "not" or may have just written an awkward response intending to admit that there are substantial hours available but not yet utilized. From other filings, it is clear that Plaintiff admits that hours are available for J.V. but wants judicial relief from DOE's process for accessing them. *See* Pl.'s Mem. at 2 ("J.V. received only a fraction of the services she was entitled to receive with substantial number of hours of services still outstanding."), 6 ("Even DOE admits that there are many hours of compensatory education hours that J.V. has still not received.").

[4] A more detailed discussion of the factual and procedural background of the case is available in the Court's March 28, 2024, Opinion & Order, Dkt. 71.

DOE retaliated against Plaintiff for filing this lawsuit by making a false report to the SCR about Plaintiff in 2022.[5] *Id.*; SAC at ¶¶ 91–127.

At the conclusion of discovery, Defendant moved for summary judgment. Not. of Def.'s Mot. for Summ. J., Dkt. 115; Def.'s Mem.

## LEGAL STANDARDS

### I. Summary Judgment

A motion for summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Dish Network Corp. v. Ace Am. Ins. Co.*, 21 F.4th 207, 212 (2d Cir. 2021). The party seeking summary judgment has the burden of showing that there is no genuine factual dispute. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "The non-moving party must produce evidence in the record and 'may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible.'" *Judge v. Henderson*, 172 F. Supp. 2d 410, 411 (S.D.N.Y. 2001) (quoting *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 532 (2d Cir. 1993)).

In assessing the record to determine whether there is a genuine issue of fact to be tried, the Court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party. *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (citing *Stone v. City of Mount Vernon*, 118 F.3d 92, 99 (2d Cir. 1997)). Although the Court must view the facts in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."

[5] The SAC also included claims of retaliation under the Rehabilitation Act based on reports to the SCR and ACS in 2017, 2019, and 2020; claims that sought emotional distress damages; and a Section 1983 claim based on the theories that DOE had an express policy of limiting the educational services that can be provided and that it failed to supervise and train its employees. All of those claims were dismissed. Opinion & Order, Dkt. 71 at 24–25.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, summary judgment cannot be defeated by drawing attenuated inferences or by relying "on mere speculation or conjecture as to the true nature of the facts." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986).

## II. FAPE and Administrative Remedies

The IDEA requires DOE to provide a FAPE to all students with disabilities. *See* 20 U.S.C. § 1412(a)(1)(A). For qualifying students, this includes creating an individualized education program ("IEP") that discusses the student's present performance and short- and long-term objectives and that "describes the specially designed instruction and services that will enable the [student] to meet those objectives." *L.O. v. N.Y.C. Dep't of Educ.*, 822 F.3d 95, 102–03 (2d Cir. 2016); *see R.E. ex rel. J.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012).

There is an administrative system for reviewing IEPs. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008). First, a parent can file an administrative due process complaint challenging the IEP and requesting a hearing before an IHO. *Id.*; *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 526 (2d Cir. 2020); N.Y. Educ. Law § 4404(1). Then, the IHO's decision can be appealed to a state review officer of the New York Education Department. *Cave*, 514 F.3d at 245; *Ventura de Paulino*, 959 F.3d at 526; N.Y. Educ. Law § 4404(2). If dissatisfied with the SRO's decision, a parent can challenge it in state or federal court. *See* 20 U.S.C. § 1415(i)(2)(A); N.Y. Educ. Law § 4404(3).

"The exhaustion requirement applies to all suits that 'seek relief for the denial of a FAPE,' regardless of whether the suit was brought under the IDEA or 'similar laws,' including . . . the Rehabilitation Act, and 42 U.S.C. § 1983." *Martinez v. N.Y.C. Dep't of Educ.*,

17-CV-3512 (NGG) (CLP), 2018 WL 4054872, at *4 (E.D.N.Y. Aug. 24, 2018) (quoting *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 165 (2017)); S*chneider v. Mahopac Cent. Sch. Dist./Bd. of Educ.*, 21-2201, 2022 WL 1316211, at *2–3 (2d Cir. May 3, 2022). An exception to the exhaustion requirement exists if the lawsuit, premised on the past denial of a FAPE, seeks a remedy not provided by IDEA. *Luna Perez v. Sturgis Pub. Schs.*, 598 U.S. 142, 150 (2023). This case was permitted to proceed even though Plaintiff did not exhaust administrative remedies for the 2020–2021 and 2021–2022 school years because she is seeking relief not available under IDEA. Opinion & Order, Dkt. 71 at 9.

## DISCUSSION

Defendant argues that it is entitled to summary judgment because (1) there is no evidence that DOE failed to offer J.V. a FAPE; (2) even if there were evidence that DOE failed to offer J.V. a FAPE, there is no admissible evidence of compensable damages from that failure; and (3) there is no evidence that DOE made the SCR report that Plaintiff asserts was retaliatory. Defendant also argues that the Court lacks subject matter jurisdiction over Plaintiff's request for attorneys' fees for her claims related to the 2020–2021 and 2021–2022 school years because Plaintiff failed to exhaust her administrative remedies.

Plaintiff responds that there is evidence showing (1) that DOE failed to implement the IHOs' orders; (2) she has offered evidence of compensable damages; and (3) that DOE retaliated against Plaintiff by reporting her to the SCR.

### I. Defendant's Motion for Summary Judgment Is Granted as to Plaintiff's Claim that DOE Violated the IDEA.

The IHOs' orders required DOE to fund banks of compensatory service hours for J.V., *see* IHO Decision Case No. 173490, Dkt. 24-2 at 11–12; IHO Decision Case No. 193432, Dkt. 24-1 at 2. The parties agree that DOE did so and that J.V. has many available compensatory

education hours available for her use. Pl. Reply 56.1 Stmt., Dkt. 119-1 at ¶ 32. Plaintiff argues, however, that DOE has failed to implement the orders of the IHOs by not authorizing or paying service providers, rendering Plaintiff unable to use the hours that are available. Pl's Mem. at 2–4, 6. She seeks monetary damages via this suit in order "to remove DOE from being the intermediary between Plaintiffs and service providers." Pl.'s Mem. at 6.

Sapna Kapoor, Senior Policy Advisor (formerly Director) of the IHO Implementation Unit of DOE, testified that DOE paid fourteen different agencies to provide services to J.V. Dep. of Sapna Kapoor, Ex. C, Dkt. 117-3 at 71; Pl. Reply 56.1 Stmt., Dkt. 119-1 at ¶¶ 24, 31. In her response to Defendant's 56.1 Statement regarding the service providers that were paid by DOE for services rendered to J.V., Plaintiff sometimes denies the services were provided, Pl. Reply 56.1 Stmt., Dkt. 119-1 at ¶¶ 13 Resp., 14 Resp., 20 Resp., 21 Resp.; sometimes admits the services were provided, *id.* at ¶¶ 15 Resp., 17 Resp.; and other times admits the services were provided but professes ignorance whether DOE paid for the services, *id.* at ¶¶ 18 Resp., 19 Resp. In the instances in which Plaintiff denies services were provided or asserts that services were terminated because DOE failed to fund the services, Plaintiff fails to cite admissible evidence to support her version of the facts. *See id.* at ¶¶ 13 Resp., 14 Resp., 20 Resp., 21 Resp. (citing Decl. of Alfred Miller Jr., Ex. A, Dkt. 117-1).

Plaintiff testified that providers told her that they stopped providing services to J.V. because of DOE's failure to pay, *see, e.g.*, Pl. Reply 56.1 Stmt., Dkt. 119-1 at ¶¶ 20 Resp., 21 Resp. (citing Decl. of Alfred Miller Jr., Ex. A, Dkt. 117-1 at 143–44, 146) (alleging that Firestrowe Speech Pathology and EBL Coaching stopped providing services because DOE failed to pay), but that testimony is clearly hearsay and, thus, is inadmissible.[6] Plaintiff's emailed

---

[6] If Plaintiff is correct about the reason service providers stopped servicing J.V., she should have submitted affidavits from one or more service providers stating that they ceased providing failure to pay their invoices. That

communications with providers that are in the record (also hearsay) do not prove her point. *See, e.g.*, Decl. of Shayna M. Berger, Ex. A, Dkt. 120-1 (showing that DOE paid a provider within the timeframe set by the provider that allowed services to continue). Plaintiff denies that, to date, all submitted invoices for services for J.V. have been paid, but she does not provide any admissible evidence of invoices that have been submitted to DOE but remain unpaid. Pl. Reply 56.1 Stmt., Dkt. 119-1 at ¶ 31 Resp.; *see* Def.'s Mem. at 5.

Ms. Kapoor testified that no provider stopped servicing Plaintiff because it was not paid,[7] Dep. of Sapna Kapoor, Ex. C, Dkt. 117-3 at 80, and Defendant asserts that Plaintiff has presented no evidence to the contrary, *see* Def.'s Mem. at 5. Defendant is correct: Plaintiff has presented no admissible evidence that contradicts Ms. Kapoor's testimony. *See Crawford v. Franklin Credit Mgmt.*, 758 F.3d 473, 486 (2d Cir. 2014) (quoting *Brady v. Town of Colchester*, 863 F.2d 205, 210–11 (2d Cir. 1988)) (where the non-moving party will bear the burden of proof on an issue at trial, the moving party may satisfy its burden by "pointing to an absence of evidence to support an essential element of the non-moving party's" case) (cleaned up).

Because Plaintiff has presented no admissible evidence to support her claim that J.V. was not provided the services that the IHOs ordered, the Court need not address damages. Defendant's Motion for Summary Judgment on Plaintiff's claim regarding DOE's failure to implement the IHOs' orders is GRANTED.

---

would have substantiated Plaintiff's contention regarding DOE's payment failures and would have created a triable issue of fact. There are no such affidavits in the record.

[7] Like Plaintiff, Defendant could have done a better job presenting its case on summary judgment. Rather than only citing to Ms. Kapoor's deposition for this fact, it would have been helpful for Defendant to submit documentary evidence of (1) timely payments to providers or (2) providers being authorized to provide services to J.V., all of which should be within its possession. Defendant also could have pointed out that Plaintiff's exhibits tend to support its case, not Plaintiff's. *See, e.g.*, Decl. of Shayna M. Berger, Ex. A, Dkt. 120-1 (showing that DOE paid a provider within a window that allowed services to continue).

## II. Defendant's Motion for Summary Judgment Is Granted as to Plaintiff's Claim of Retaliation.[8]

To prove a *prima facie* case of retaliation, a plaintiff must prove that (1) she engaged in protected activity; (2) the retaliator knew the plaintiff engaged in protected activity; (3) the retaliator took adverse action against the plaintiff; and (4) there is a causal connection between the protected activity and the adverse action. *Weixel v. Bd. of Educ.*, 287 F.3d 138, 148 (2d Cir. 2002).

Defendant asserts that Plaintiff cannot prove a *prima facie* case because there is no evidence that a DOE employee made the 2022 report to the SCR. Ms. Kapoor, the only witness who testified on behalf of DOE, testified that she does not know who made the report. Dep. of Sapna Kapoor, Ex. C, Dkt. 117-3 at 64.

Plaintiff responds that there is a temporal connection between her filing this lawsuit and the SCR report and that the ACS paperwork speculates that the case may have been called in maliciously. She also points to the fact that the ACS paperwork references conversations with DOE and that certain factual statements that were in the ACS internal reports included facts that were known to DOE. From that, she asserts that there is sufficient evidence that a DOE employee was the reporter to defeat Defendant's motion.[9]

---

[8] Defendant asserts that Plaintiff's Section 1983 claim asserting a violation of the Rehabilitation Act is not cognizable as a matter of law. *See* Def.'s Mem. at 16–17. As Judge Preska stated in her earlier Opinion & Order, the Court construes this claim as one brought directly under Section 504. *See* Opinion & Order, Dkt. 71 at 6 n.4.

[9] Because Plaintiff has no admissible evidence that a DOE employee was the reporter, the Court need not consider the other elements of a *prima facie* case. Needless to say, however, because the identity of the reporter is unknown, there is also no admissible evidence that the reporter knew Plaintiff had engaged in protected activity. In contrast, there is evidence that would satisfy the first and fourth elements of a *prima facie* case: Plaintiff did engage in protected activity and the temporal proximity of the protected activity and the report to the SCR is circumstantial evidence of a causal connection between the protected activity and the adverse action.

Plaintiff offers mere speculation or relies upon inadmissible hearsay to raise a question of fact whether a DOE employee made the report to the SCR, spurring the ACS investigation.[10] Plaintiff speculates that a DOE employee was the reporter based on (1) references in the reports to information ACS obtained from DOE and (2) information about J.V.'s education that was communicated by the reporter to ACS. As to the information that ACS gathered from DOE, given the nature of the allegations, ACS would be expected to contact the school as part of its investigation. *See* 18 N.Y.C.R.R. 432.2(b)(3)(ii). That being the case, evidence that ACS spoke to school employees does not tend to prove that a DOE employee was the initial reporter. As to information about J.V.'s education that was apparently known to the reporter, other agencies and providers involved in the treatment, education, and care of J.V. (or even friends of Plaintiff to whom she spoke about her frustrations with DOE) would also have known such information. In short, none of the circumstantial evidence to which Plaintiff points could lead a reasonable juror to conclude that the reporter was a DOE employee.

Because there is no admissible evidence that a DOE employee was the reporter, Plaintiff cannot prove a *prima facie* case of retaliation. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's retaliation claim is GRANTED.

## III. Defendant's Motion for Summary Judgment Is Granted as to Plaintiff's Remaining Claims under the Rehabilitation Act.

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or

[10] The SCR and ACS, of course, know the identity of the reporter. As such, there were additional avenues available to Plaintiff to prove (if accurate) that the reporter was a DOE employee. While the Court presumes that the SCR and ACS may have resisted discovery of that information, Plaintiff did not seek the assistance of the Court during discovery to force disclosure of the information.

activity receiving Federal financial assistance." 29 U.S.C. § 794. To prove a *prima facie* violation, the plaintiff must prove that (1) she "is a qualified individual with a disability"; (2) "the defendant is subject to one of the Acts"; and (3) she "was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of h[er] disability." *Disabled in Action v. Bd. of Elections in City of N.Y.*, 752 F.3d 189, 196–97 (2d Cir. 2014).[11]

Because Plaintiff has submitted no admissible evidence that tends to prove that DOE denied J.V. a FAPE or retaliated against Plaintiff via the SCR report, Plaintiff also cannot show that J.V. was denied services or discriminated against. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim of discrimination under the Rehabilitation Act.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment at Dkt. 115 is GRANTED in full. Plaintiff's Complaint is DISMISSED with prejudice. The Clerk of Court is respectfully directed to enter Judgment in favor of Defendant and to close the case.

**SO ORDERED.**

**Date: September 30, 2026**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

[11] Because the Court is granting Defendant's Motion for Summary Judgment on other grounds, the Court need not turn to Defendant's arguments regarding Plaintiff's request for attorneys' fees for her claims for the 2020–2021 and 2021–2022 school years. Nonetheless, as Judge Preska has already held, Plaintiff did not exhaust her administrative remedies for her claims related to the 2020–2021 and 2021–2022 school years. *See* Opinion & Order, Dkt. 71 at 9, 12. Although Plaintiff was not required to exhaust her administrative remedies to bring claims for damages not available under IDEA, she did need to exhaust her administrative remedies to pursue attorneys' fees and costs. *Id.*

Attorneys' fees and costs are available under the Rehabilitation Act, Section 1983, *and* the IDEA. 20 U.S.C.S. §1415(i)(3)(B)(1); 29 U.S.C. § 794a(b); 42 U.S.C. § 1988; Second Am. Compl., Dkt. 52 at ¶ 149. Although recent Supreme Court authority on exhaustion in this context did not address cases in which attorneys' fees are sought in addition to money damages, *Le Pape v. Lower Merion Sch. Dist.*, 103 F.4th 966, 980 (3d Cir. 2024) (citing *Perez*, 598 U.S. at 150), given their availability under the IDEA, Plaintiff was required to exhaust her administrative remedies before seeking attorneys' fees in federal court.